Donald T. BRUNO and wife, Bessie Bruno, Plaintiffs/Appellants,

v.

John C. BLANKENSHIP, Earl Bennett, Individually and d/b/a ABC Air Conditioning and Heating Company, and John Doe, Defendants/Appellees.

Allstate Insurance Company, Unnamed Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 30, 1992.

Rehearing Denied Jan. 27, 1993.

Supplemental Opinion after Remand Sept. 20, 1993.

Permission to Appeal Denied by Supreme Court Feb. 22, 1994.

John R. Reynolds, Nashville, for plaintiffs/appellants.

Alan M. Sowell, Allstate Ins. Co., Gracey, Ruth, Howard, Tate & Sowell, Nashville, for defendant/appellee.

### OPINION

CANTRELL, Judge.

The question on this appeal is whether an insurer may be liable under the uninsured motorist coverage of its policy where the insured is injured while attempting to avoid an obstruction of unexplained origin in the road. The trial judge granted summary judgment to the insurer. We affirm.

### I.

While traveling down Interstate 65 on a November evening in 1989, the plaintiff, Donald P. Bruno, suddenly came upon a ladder lying across his lane of traffic. He swerved to avoid the obstruction and lost control of his automobile, suffering extensive injuries in the collision with a parked truck and with the highway guard rail.

At the point of the accident, the highway has three southbound lanes. The ladder lay diagonally across most of the center and left lanes. The right lane was clear. The nearest point where another structure crosses over the interstate highway is two-tenths of a mile away. Access to the highway is restricted by fences, a concrete retaining wall, and a guard rail. Other eye witnesses testified that the ladder was actually present on the road.

Mr. Bruno sued his insurance carrier, after they denied his claim, under the uninsured motorist coverage in his policy. On motion for summary judgment the Circuit Court of Davidson County dismissed the claim.

### II.

The sole question is whether there are any facts from which a trier of fact could reasonably infer that the accident was covered by the uninsured motorist statute, Tenn.Code Ann. § 56–7–1201. As amended in 1989, the act provides:

(e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:

(1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or

(B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle.

As the statute shows, an insured may recover from his insurance carrier in two situations involving unknown owners or operators of motor vehicles: (1) if the injury is caused by actual physical contact with the vehicle of the unknown owner or driver; or (2) if the insured can prove by clear and convincing evidence, supplied by someone other than an occupant of the insured's vehicle, that his injuries were caused by an unknown motorist. Paragraph (e)(1)(B) was added in 1989 to allow recovery where there had been no physical contact between the two vehicles but the negligence of the unknown motorist nevertheless caused the accident.

Under paragraph (e)(1)(A), the courts have held that the physical contact does not have to be direct. If a passing truck kicks up a rock that hits the insured's windshield, there is physical contact between the two vehicles because the physical force of one vehicle is transmitted to the other through the intermediary. *Barfield v. Insurance Co. of North America,* 59 Tenn.App. 631, 640–41, 443 S.W.2d 482, 486 (1968). Also, where an unidentified vehicle strikes another causing it to collide with the insured's vehicle, there is physical contact between the first vehicle and the insured vehicle. *Hoyle v. Carroll,* 646 S.W.2d 161, 163 (Tenn.1983). As the facts show, this accident does not come within paragraph (e)(1)(A). The ladder was not propelled into the plain-

tiff's vehicle by the force of the unknown vehicle. By all accounts the ladder had come to rest on the highway sometime before the plaintiff came along.

The question then is whether the accident can be traced to an unknown *motorist*. There is nothing in the record that would justify that conclusion, although the circumstances showing the character of the highway and the limited access to it make this a close case. The ladder may have fallen off a vehicle or it may have been placed on the highway as a prank. It may have been deliberately thrown from a vehicle by a passenger; i.e. someone other than the motorist. Therefore, we are of the opinion that to say the ladder was on the highway as a result of the negligence of a motorist would be pure speculation.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS, J., concurs.

TODD, P.J., dissents with opinion.

TODD, Presiding Judge, dissenting.

I respectfully differ with the opinion of my esteemed colleagues that the circumstances of the present case do not constitute clear and convincing evidence of the "existence of such unknown motorist."

The phrase "such unknown motorist" refers to a previous paragraph of the statute which states:

If *the owner or operator* of any motor vehicle which causes bodily injury or property damage ...

(1)(A) Actual physical contact shall have occurred between the motor vehicle *owned or operated* by such unknown person....

Thus, the phrase, "the existence of such unknown motorist" actually means "the existence of the vehicle owned or operated by an uninsured person."

If this premise be accepted, then the problem in the present case is simplified. If it is convincingly shown that there really was an unknown uninsured vehicle which caused plaintiff's injury, then the statutory presumption of ownership and agency furnish adequate connection with the owner. T.C.A. §§ 55–10–311, 312.

The possibilities that the ladder might have been thrown from the vehicle by a passenger or placed in the highway as a prank are too remote to overcome the strong inferences from the proven facts, to wit:

1. The ladder was lying askew in the middle of a high-speed controlled access highway removed from any access roads or overhead bridges.

2. The only reasonable and convincing inference is that the ladder fell from a passing vehicle whose owner, if known, would be *prima facie* liable for the negligence of the loading and operation of the vehicle.

With great respect for the opinion of my colleagues, I present the foregoing for consideration.

## SUPPLEMENTAL OPINION

CANTRELL, Judge.

The Supreme Court remanded this case for reconsideration under the decision in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), which was released after our first opinion.

In *Byrd v. Hall*, the Supreme Court thoroughly analyzed Tenn.R.Civ.P. 56. Using prior Tennessee and federal cases as a background, the Court came to the following conclusions, among others:

Rule 56 comes into play only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether a disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial.

First, when the facts material to the application of a rule of law are undisputed, the application is as a matter of law for the court since there is nothing to submit to the jury to resolve in favor of one party or the other. In other words, when there is

no dispute over the evidence establishing the facts that control the application of a rule of law, summary judgment is an appropriate means of deciding that issue.

847 S.W.2d at 214.

Later on in the opinion the Court said:

Appropriate application of the rule is more likely to be achieved if litigants and courts alike keep in mind that the purpose of a summary judgment proceeding is not the findings of facts, the resolution of disputed, material facts, or the determination of conflicting inferences reasonably to be drawn from these facts. The purpose is to resolve controlling issues of law and that alone.

847 S.W.2d at 216.

The appellant has also submitted as supplemental authority our opinion in *Keene v. Cracker Barrel Old Country Store,* 853 S.W.2d 501 (Tenn.App.1992), in which we said that even "if the facts are uncontroverted, summary judgment is inappropriate if reasonable minds could differ as to the inferences to be drawn therefrom." 853 S.W.2d at 503.

We are convinced, however, that this case does not turn on disputed facts or on the inferences to be drawn from the undisputed facts. We concede that, considering the unique facts of this case, it is possible to infer that the ladder came from a motor vehicle. But, beyond that the necessary elements of uninsured motorist liability involve pure speculation. From the fact that a ladder is found lying in the street under circumstances that would suggest it fell from a motor vehicle can you infer that the negligence of the owner/operator of the vehicle caused the ladder to fall onto the street? *See* Tenn.Code Ann. § 56–7–1201(e)(1)(B). We think our

rule against drawing remote inferences would prohibit such a finding. *See Benton v. Snyder,* 825 S.W.2d 409 (Tenn.1992).

Looking at it another way, if this were an action against the phantom motorist, could a trier of fact find the necessary elements of a negligence claim? The uninsured motorist statutes put the case in that position; i.e., the uninsured motorist carrier stands as the insurer of the uninsured motorist and may avail itself of all defenses available to the party, including lack of negligence and lack of causation. *Mullins v. Miller,* 683 S.W.2d 669 (Tenn.1984). The cases construing uninsured motorists statutes indicate that the legislature did not intend to provide broad coverage amounting to personal injury protection. *See Dockins v. Balboa Insurance Co.,* 764 S.W.2d 529 (Tenn.1989); *Tate v. Doe,* 1990 WL 6835 Tenn.Ct.App., Eastern Sec., filed in Knoxville, Jan. 31, 1990. Cases involving shots fired or objects thrown from an automobile deny coverage because the unidentified vehicle is not the force that sets in motion the object striking the insured's automobile. *McKeehan v. Doe,* Tenn.Ct. App., Eastern Sec. filed in Knoxville, Feb. 7, 1984.

We are persuaded that the case was properly decided in our original opinion.

LEWIS, J., concurs.

TODD, P.J., adheres to the views expressed in his original dissent.