IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| JEFFREY ALAN NICELY and wife, ALLISON NICELY,<br><br>     Plaintiffs-Appellees,<br><br><br>v.<br><br><br><br>JOHN DOE, an unknown person, and JANE DOE, an unknown person,<br><br>     Defendants,<br><br>and<br><br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>     Appellant. | ) C/A NO. 03A01-9810-CV-00322<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) INTERLOCUTORY APPEAL FROM THE<br>) CAMPBELL COUNTY CIRCUIT COURT<br>) PURSUANT TO RULE 9, T.R.A.P.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) HONORABLE CONRAD TROUTMAN,<br>) JUDGE |

For Appellant

FRANCIS A. CAIN
ROBERT L. KAHN
Knoxville, Tennessee

For Appellee

NORBERT J. SLOVIS
Knoxville, Tennessee

O P I N I O N

REVERSED AND REMANDED                                    Susano, J.

We granted this interlocutory appeal to determine if the complaint in this case states a cause of action against the plaintiffs' uninsured motorist carrier, Liberty Mutual Insurance Company ("Liberty"). We find that it does not. Accordingly, we reverse the trial court's finding to the contrary and dismiss the plaintiffs' complaint.


I. *Procedural History*


The plaintiffs' complaint alleges, in pertinent part, as follows:

> On July 26, 1997 at or around 2:20 P.M., Plaintiff was driving a 1985 Honda Accord in a southerly direction on I-75....
>
> Defendant, John Doe I, an unknown person was, at said time and place, operating a motor vehicle and was traveling south bound on I-75 in Campbell County, Tennessee.
>
> Jane Doe, an unknown person, was, at said time and place, operating a motor vehicle and was traveling south bound on I-75 in Campbell County, Tennessee.
>
> John Doe, an unknown person was a passenger in said vehicle being driven by Jane Doe and as the Plaintiff was passing the vehicle occupied by the defendants, Jane Doe and John Doe, John Doe threw a bag containing trash, or some other matter, at the vehicle that the Plaintiff was driving. The Plaintiff swerved to miss the flying debris thrown by John Doe and lost control of the vehicle..., the vehicle in which the Plaintiff was driving left the roadway, striking a tree.
>
> At all times relevant hereto, the Defendant, Jane Doe, an unknown person, owed a duty to operate her vehicle in a reasonable and prudent manner with regard to other persons who were lawfully upon the street including, the Plaintiff, Jeffrey Alan Nicely.

2

> The Defendant, Jane Doe, owed a duty to refrain her passengers, including the Defendant, John Doe, from acts that would constitute a danger to other vehicles, particularly the Plaintiff, Jeffrey Alan Nicely.
>
> The wreck that resulted in the Plaintiff's injury was a direct result of the negligence of the Defendants. At all times mentioned herein, the Plaintiff was free of negligence and comparative negligence.
>
> The requirements of T.C.A. §56-7-1021 [sic] were further met in that the existence of the Defendants, Jane Doe and John Doe, unknown persons, and their negligence is established by witnesses who were not occupants of the Plaintiff's vehicle, the wreck was timely reported to the applicable law enforcement authorities and the Plaintiff was not negligent in determining the identity of the other vehicle and the owner operator of the other vehicle at the time of the accident.
>
> *     *     *
>
> Upon information and belief, Plaintiff has applicable uninsured motorist coverage with Liberty Mutual Insurance Company.
>
> Upon information and belief, Defendant Jane Doe, an unknown person, and John Doe, an unknown person, were uninsured motorists at all times relative hereto. Therefore, consistent with T.C.A. §56-7-1206, a copy of the summons and complaint herein are being served upon the applicable uninsured motorists carrier, Liberty Mutual Insurance Company, which may be served through the Tennessee Department of Insurance.

Liberty filed a motion to dismiss pursuant to Rule 12.02(6), Tenn.R.Civ.P., contending that the plaintiffs' complaint "fail[ed] to state a claim upon which relief can be granted." By way of a subsequent paragraph, the motion asserts "that there is no coverage available to plaintiffs pursuant to T.C.A. § 56-7-1201 for want of physical contact between the vehicles operated by [plaintiff] Jeffrey Alan Nicely and the defendants." The

3

trial court denied Liberty's motion.  Acting upon the insurance company's request, the lower court granted an interlocutory appeal pursuant to the provisions of Rule 9(b), T.R.A.P.  We subsequently concurred in the trial court's grant by entering our own order pursuant to Rule 9(e), T.R.A.P.

For the purpose of this appeal, Liberty concedes that the plaintiffs' complaint satisfies the cumulative provisions of T.C.A. § 56-7-1201(e)(1)(B), (e)(2), and (e)(3) with respect to the absence of physical contact.  However, it argues that the alleged incident -- the throwing of "a bag containing trash, or some other matter, at the vehicle" of the plaintiff Jeffrey Alan Nicely -- is not such as to make out an event covered by the standard provisions of an automobile liability insurance policy. It contends that uninsured motorist coverage under T.C.A. § 56-7-1201 is not available in the absence of such an event.

## II.  *Standard of Review*

The trial court's denial of a motion to dismiss for failure to state a claim upon which relief can be granted presents a question of law, which we review *de novo* with no presumption of correctness.  **Stein v. Davidson Hotel Co.,** 945 S.W.2d 714, 716 (Tenn. 1997); **Owens v. Truckstops of America,** 915 S.W.2d 420, 424 (Tenn. 1996); **Daniel v. Hardin Co. Gen. Hosp.**, 971 S.W.2d 21, 23 (Tenn.App. 1997).  We must examine the complaint alone, "construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true."  **Pursell v. First American Nat'l Bank**, 937 S.W.2d 838, 840

4

(Tenn. 1996); *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Daniel,* 971 S.W.2d at 23.  The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  *Stein*, 945 S.W.2d at 716; *Cook*, 878 S.W.2d at 938.

At this juncture in the proceedings, the relevant operative facts are these: the plaintiff, Jeffrey Alan Nicely, was injured when he swerved his vehicle and crashed, as a reaction to an unidentified person in an unidentified vehicle throwing "debris" at the vehicle being operated by Mr. Nicely.  For the purpose of our discussion, we presume that the other vehicle was uninsured.

III.  *Analysis*

The determinative issue in this case is whether uninsured motorist coverage is implicated when a passenger in a presumed-to-be-uninsured vehicle negligently throws an object in the direction of another vehicle, causing the second vehicle to "swerve[] to miss the flying debris."  We recognize that the complaint does not specifically allege that the throwing was done negligently; but, by the same token, it does not allege that the passenger threw the debris intending to strike Mr. Nicely's vehicle or otherwise impede or affect the intended movement of that vehicle.  "[C]onstru[ing] the complaint liberally in the plaintiff's favor," as we are required to do, see *Pursell*, 937 S.W.2d at 840, we interpret it to allege a careless or negligent

5

throwing -- a littering as it were.  This is consistent with the complaint's general allegations of negligence.

In general terms, uninsured motorist coverage is designed to afford a measure of protection to one damaged as a proximate result of the negligence of an uninsured or underinsured individual or entity where that negligence arises "out of the ownership, maintenance, or use of a motor vehicle." T.C.A. § 56-7-1201(a).  *See also* **Tata v. Nichols**, 848 S.W.2d 649, 654 (Tenn. 1993).

In **Travelers Insurance Co. v. Aetna Casualty & Surety Co.**, 491 S.W.2d 363, 365 (Tenn. 1973), the Supreme Court interpreted the phrase "arising out of the use" of a vehicle in a liability policy to be:

> a broad, comprehensive term meaning "origination from," "having its origin in," " growing out," or "flowing from."  (citations omitted).  The term "use," then, has been a general catch-all term construed by the courts to include all proper uses of a vehicle.  *Appleman, Insurance Law and Practice*, § 4316 (1962).

**Id**.

In **Anderson v. Bennett**, 834 S.W.2d 320, 323 (Tenn.App. 1992), we applied the **Travelers** analysis and held that a gun fired by an angry motorist into a group of children was not a "proper or normal use of the vehicle." **Anderson**, 834 S.W.2d at 323.

6

As we pointed out in the unpublished case of **McKeehan v. Doe**, 1984 Tenn.App. LEXIS 2664 (E.S., filed February 7, 1984), "the victim of an unidentified tortfeasor should not be afforded any greater protection than the victim of a known tortfeasor." **Id**. at *7. In **McKeehan**, we quoted, with approval, the following comments of the trial judge:

> If the unknown driver in this case was known
> and if this driver had liability insurance
> such liability insurance would not cover such
> a driver for the tort complained of - i.e.
> the assault and battery (negligent or
> deliberate) of another with an object such as
> a soft drink or beer bottle; it would make no
> difference whether such an assault occurred
> while in the process of operating an
> automobile or not under the standard
> provisions of an automobile liability policy.
> Therefore, it logically follows that since
> there would be no coverage under a standard
> policy there should be no coverage under the
> insured (sic) motorist provisions of a
> policy.

**Id**. at *8-9.

The plaintiffs argue that the rationale of **Fruge v. Doe**, 952 S.W.2d 408 (Tenn. 1997), entitles them to relief. We disagree. The facts in **Fruge** and the facts in the instant case are clearly distinguishable. In **Fruge**, a vehicle was allegedly parked in the roadway -- a condition that caused the plaintiff to swerve his vehicle in order to avoid a collision. The court in **Fruge** found evidence indicating that there was in fact an abandoned vehicle blocking the roadway which caused the plaintiff's accident. **Id**. at 412. In the instant case, debris was thrown by a passenger from a moving vehicle, causing the

7

plaintiff Mr. Nicely to swerve to avoid it. We find and hold that the act of throwing debris does not implicate the uninsured motorist coverage. The legislature did not intend uninsured motorist coverage "to provide broad coverage amounting to personal injury protection." *Bruno v. Blankenship*, 876 S.W.2d 294, 297 (Tenn.App. 1992). *See also Dockins v. Balboa Insurance Co.*, 764 S.W.2d 529, 532 (Tenn. 1989); *Tate v. Doe*, 1990 Tenn.App. LEXIS 60 (E.S., filed January 31, 1990). Our role is to effectuate the intent of the legislature, not to expand a statute's coverage beyond its intended scope. *Tibbals Flooring Co. v. Huddleston*, 891 S.W.2d 196, 198 (Tenn. 1994).

In summary, plaintiff's accident was not caused, directly or indirectly, by a motor vehicle but rather by an improper act of an occupant of a car -- an act that was essentially unrelated to the act of using that vehicle. Throwing something out of the window of a car is not a "proper or normal use" of a motor vehicle. *Anderson*, 834 S.W.2d at 323. It is not an act that is covered by liability insurance and hence is not an event that implicates uninsured motorist coverage under a policy of insurance issued pursuant to T.C.A. § 56-7-1201.

The judgment of the trial court is reversed. The plaintiffs' complaint as to Liberty is dismissed at their costs, including the costs of this appeal. This case is remanded for the entry of an appropriate order, consistent with this opinion; for such further proceedings as may be required as to the remaining defendants; and for collection of costs assessed below, all pursuant to applicable law.

8

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

10