# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### FEBRUARY 21, 2001 Session

## CHERYL OLIVER AND EDWIN OLIVER v. EARL HARDEN QUINBY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 302752 T.D.; The Honorable Karen R. Williams, Judge**

---

**No. W2000-02158-COA-R3-CV - Filed April 6, 2001**

---

This case arises out of an automobile accident caused by a pile of carpet lying in the roadway. Plaintiffs allege that the accident was caused by an unknown motorist. Plaintiffs' insurance carrier filed a motion for summary judgment, and the trial court granted the motion. For the following reasons, we affirm the trial court's entry of summary judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Randall J. Fishman, Memphis, for Appellants

Melanie M. Stewart, Memphis, for Appellees

### OPINION

### Facts and Procedural History

This case arises out of an automobile accident that occurred on June 16, 1998, in Memphis, Tennessee. Defendant Tremmel was traveling ahead of Plaintiff Oliver in the center lane of northbound traffic on Old Austin Peay. Defendant Quinby was traveling in the center lane of traffic behind Plaintiff Oliver. The accident occurred when Tremmel slowed her automobile in the center lane to avoid striking the pile of carpet lying in the roadway. As a result, Oliver slowed down, avoiding contact with the Tremmel vehicle. Thereafter, Quinby struck Oliver's vehicle in the rear causing Oliver to strike the rear of Tremmel's automobile.

At the point of the accident, the highway has three or four lanes of traffic. The pile of carpet lay across the center lane of traffic. Access to the highway is restricted by a concrete median. Other eye witnesses testified that the pile of carpet was actually present on the road.

On June 14, 1999, Plaintiffs filed a complaint against Earl Harden Quinby, Teresa A. Tremmel, Paul Tremmel, and John Doe. On June 30, 1999, Plaintiffs filed an amended complaint. The unnamed defendant, Government Employees Insurance Company ("Geico"), responding on behalf of John Doe, filed its answer on July 20, 1999. On May 15, 2000, Geico filed a Motion for summary judgment. Thereafter, Plaintiffs responded to Geico's motion for summary judgment on June 21, 2000. The trial court granted Geico's motion for summary judgment on August 15, 2000.

**Standard of Review**

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this Court. Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

**Law and Analysis**

The sole question, as we perceive it, is whether there are any facts from which a trier of fact could reasonably infer that the accident was covered by the uninsured motorist statute. Section 56-7-1201(e) states, in relevant part:

> (e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:
>
> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
>
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle.

Tenn. Code Ann. § 56-7-1201(e) (2000).

It is undisputed that section 56-7-1201(e)(1)(A) does not apply, as there was no physical contact between the unknown person's vehicle and the plaintiffs. Therefore, the instant case is governed by section 56-7-1201(e)(1)(B). Accordingly, the plaintiffs must establish "the existence of such unknown motorist. . . by *clear and convincing evidence.*" Tenn. Code Ann. § 56-7-

1201(e)(1)(B) (2000) (emphasis added). In <u>O'Daniel v. Messier</u>, 905 S.W.2d 182 (Tenn. Ct. App. 1995) (*superseded by statute on other grounds*), the court of appeals defined the "clear and convincing evidence" standard as follows:

> The "clear and convincing evidence" standard defies precise definition. <u>Majors v. Smith</u>, 776 S.W.2d 538, 540 (Tenn. Ct. App. 1989). While it is more exacting than the preponderance of the evidence standard, <u>Santosky v. Kramer</u>, 455 U.S. at 766, 102 S.Ct. at 1401; <u>Rentenbach Eng'g Co. v. General Realty Ltd.</u>, 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985), it does not require such certainty as the beyond a reasonable doubt standard. <u>Brandon v. Wright</u>, 838 S.W.2d 532, 536 (Tenn. Ct. App. 1992); <u>State v. Groves</u>, 735 S.W.2d 843, 846 (Tenn. Crim. App. 1987).

> Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. <u>See Hodges v. S.C. Toof & Co.</u>, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established. <u>In re Estate of Armstrong</u>, 859 S.W.2d 323, 328 (Tenn. Ct. App. 1993); <u>Brandon v. Wright</u>, 838 S.W.2d at 536; <u>Wiltcher v. Bradley</u>, 708 S.W.2d 407, 411 (Tenn. Ct. App. 1985).

<u>O'Daniel</u>, 905 S.W.2d at 188.

In <u>Fruge v. Doe</u>, 952 S.W.2d 408 (Tenn. 1997), our supreme court decided a similar issue. In <u>Fruge</u>, the plaintiffs' vehicle was proceeding along the approach ramp to Interstate 40. <u>See id.</u> at 409. Mrs. Fruge, who was a passenger in the vehicle, warned Mr. Fruge that a parked vehicle with no lights was obstructing their lane of traffic. <u>See id.</u> Mr. Fruge swerved in order to avoid striking the disabled vehicle and lost control of his vehicle, which then crashed into a retaining wall. <u>See id.</u> The plaintiffs' vehicle did not make physical contact with the disabled vehicle, and there were no eyewitnesses to the accident. <u>See id.</u> Plaintiffs filed suit against unknown defendants and served State Farm with process. <u>See id.</u> at 410. State Farm answered and later filed a motion for summary judgment. <u>See id.</u> The trial court granted State Farm's summary judgment motion and the court of appeals affirmed.

Section 56-7-1201(e)(1)(B) governed the case. The supreme court overturned the trial court and the court of appeals, holding that the "vehicle was owned by someone, and that someone is an unknown motorist within the meaning of the statute. Whether that vehicle was present when Mr. Fruge lost control of his vehicle and whether it was the cause of the plaintiffs' accident are fact issues for the jury." <u>Fruge</u>, 952 S.W.2d at 412.

In <u>Bruno v. Blankenship</u>, 876 S.W.2d 294 (Tenn. Ct. App. 1992), the middle section of this court decided a case almost identical to the instant case. The plaintiff in <u>Bruno</u> was traveling on Interstate 65 when he came upon a ladder lying across his lane of traffic. <u>See id.</u> at 295. He swerved to avoid the ladder and lost control of his vehicle. <u>See id.</u> Mr. Bruno collided with the guard rail and a parked truck, suffering extensive injuries. <u>See id.</u> The court stated that section 56-7-1201(e)(1)(B) governed, and then the court held the following:

> The question then is whether the accident can be traced to an unknown motorist. There is nothing in the record that would justify that conclusion, although the circumstances showing the character of the highway and the limited access to it make this a close case. The ladder may have fallen off a vehicle or it may have been placed on the highway as a prank. It may have been deliberately thrown from a vehicle by a passenger; i.e. someone other than the motorist. **Therefore, we are of the opinion that to say the ladder was on the highway as a result of the negligence of a motorist would be pure speculation.**

<u>Id.</u> at 296 (emphasis added).

We find that <u>Bruno</u> is controlling in the case at bar. In the instant case, it is undisputed that no one saw how the pile of carpet came to be in the roadway. The carpet could have been placed on the highway as a prank or it could have been thrown deliberately from a vehicle by a passenger. Therefore, to say that the carpet was on the highway as a result of the negligence of a motorist would be pure speculation, and pure speculation does not rise to the level of clear and convincing evidence.

### Conclusion

Accordingly, for the aforementioned reasons, the judgment of the court below is affirmed. Costs on appeal are taxed to the appellants, Cheryl Oliver and Edwin Oliver, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE