September 2, 1997

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

September 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JAMES R. FRUGE AND JANE FRUGE,          (

  Plaintiffs-Appellants,          (

            ( Shelby Circuit

v.          ( Hon. George H. Brown, Jr.

            ( No. 02S01-9601-CV-00005

JOHN DOE AND JANE DOE,          (

  Defendants-Appellees.          (

| For Plaintiffs-Appellants: | For Defendants-Appellees State Farm Insurance Company: |
|---|---|
| R. Sadler Bailey, Jr. Memphis | Robert M. Fargarson Memphis |
| C. Phillip M. Campbell Memphis | Martin W. Zummach Memphis |
| | OF COUNSEL: |
| | Neely, Green, Fargarson, Brooke & Summers Memphis |

**O P I N I O N**

JUDGMENTS OF COURT OF APPEALS
AND TRIAL COURT REVERSED; CASE
REMANDED.         REID, J.

    This case presents for review the decision of the Court of

Appeals affirming the trial court's award of summary judgment denying the plaintiffs' claims under the uninsured motorist statute. That decision is reversed, and the case is remanded.

I

On November 8, 1991, shortly before 6:30 p.m., the plaintiffs, James R. Fruge and Jane Fruge, husband and wife, sustained personal injuries in an automobile accident which occurred as the vehicle operated by Mr. Fruge entered Interstate 40 from Front Street in Memphis. According to their deposition testimony filed by the insurer, State Farm Insurance Company, in support of its motion for summary judgment, their vehicle was proceeding along the approach ramp to I-40 when Mrs. Fruge warned Mr. Fruge, who was watching the traffic approaching on I-40 from behind his vehicle, that a parked vehicle with no lights was obstructing their lane of traffic. Mr. Fruge swerved his vehicle in order to avoid striking the parked vehicle and thereby lost control of his vehicle, which then crashed into a retaining wall. Immediately thereafter, other vehicles were involved in a collision at the same location. The plaintiffs' vehicle did not make physical contact with the parked vehicle or any of the other vehicles. The plaintiffs do not know of any eyewitnesses to their accident.

Memphis police officer W. R. Rutherford arrived on the scene at approximately 7 p.m. His affidavit, filed by the plaintiffs in response to the insurer's motion for summary judgment, contains

the following account of his investigation:

> On November 8, 1991 at approximately 6:45 p.m., a call was received by the Memphis Police Department regarding a traffic problem on or near the Hernando-DeSoto Bridge involving multiple vehicles. I was dispatched and arrived on the scene at approximately 7:00 p.m. Due to the extent of vehicle involvement and the need to clear the roadway as quickly as possible, I called for assistance to secure the scene.
>
> While completing my routine investigation, I noted the probable source of the resulting collisions to be a brown Ford Thunderbird automobile that had apparently ran out of gas and was blocking one or more lanes of westbound traffic. Although vehicles either struck the retaining wall or struck other vehicles, the abandoned automobile was not struck by any of the involved parties. The abandoned automobile was unlicensed, was without a driver and had to be towed from the scene by wrecker so that the roadway could be finally cleared. I was unable to identify the driver of the abandoned vehicle and the vehicle was not claimed before being towed to the City Lot for storage.

The plaintiffs filed suit for damages against unknown defendants and served State Farm with process. State Farm answered the complaint and subsequently filed a motion for summary judgment, claiming there was no material issue of disputed fact. The trial court granted the motion and the Court of Appeals affirmed.

## II

The issue to be decided is whether the uninsured motorist

insurance carrier is entitled to summary judgment. This is a question of law, and there is no presumption in favor of the trial court's decision. Rule 56.03, Tennessee Rules of Civil Procedure, provides, in pertinent part:

> The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A motion for summary judgment should be granted only where the movant has demonstrated that there is no disputed material fact to be resolved and the moving party, therefore, is entitled to judgment as a matter of law. When there is a genuine dispute regarding any material fact or the conclusions or inferences to be drawn from the facts, summary judgment does not lie. Summary judgment is not a substitute for the trial of issues of fact. Determinations of credibility, the weight to be given evidence, and the inferences to be drawn from facts proven are jury functions. When ruling on a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and disregard all opposing evidence. The evidence of the non-movant is taken as true and all reasonable inferences in the non-movant's favor will be allowed. Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993). Summary judgment is not a disfavored procedural device and may be used to conclude any civil case, including negligence cases, that can be and

-4-

should be resolved on legal issues alone, <u>Mansfield v. Colonial Freight Systems</u>, 862 S.W.2d 527 (Tenn. Ct. App. 1993); but, as a general rule, negligence cases are not amenable to disposition on summary judgment.  <u>McClenahan v. Cooley</u>, 806 S.W.2d 767, 775-76 (Tenn. 1991); <u>Keene v. Cracker Barrel Old Country Store, Inc.</u>, 853 S.W.2d 501, 502-503 (Tenn. Ct. App. 1992).

                              **III**

        This case is controlled by Tenn. Code Ann. § 56-7-1201(e) (1994).[1]  In order to prevail on a claim for uninsured motorist benefits, the insured must meet the requirements of subsections 1(A) or 1(B) and (2) and (3).  State Farm does not deny that Mr. and Mrs. Fruge have complied with subsections (2) and (3).  The plaintiffs do not claim that their vehicle experienced actual physical contact with

---

[1](e) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured shall have no right to recover under the uninsured motorist provision unless:

> (1)(A) Actual physical contact shall have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured; or
>
> (B) The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle;
>
> (2) The insured or someone in the insured's behalf shall have reported the accident to the appropriate law enforcement agency within a reasonable time after its occurrence; and
>
> (3) The insured was not negligent in failing to determine the identity of the other vehicle and the owner or operator of the other vehicle at the time of the accident.

the vehicle parked on the highway.  Consequently, the case turns on the provisions of subsection (B):  "The existence of such unknown motorist is established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle."  Since, for the purposes of subsection (B), the plaintiffs cannot rely upon their own testimony, the statements contained in Officer Rutherford's affidavit are determinative.

Officer Rutherford, of course, did not witness the accident.  However, in the course of his investigation, he did observe evidence of the collision, including the location where it occurred, the position and condition of the plaintiffs' vehicle and the presence of other damaged vehicles at that location.  Officer Rutherford  saw, upon his arrival at the scene approximately 30 minutes after the accident occurred, a brown Ford Thunderbird automobile parked in the plaintiffs' proper traffic lane.  He stated that he was unable to ascertain the identity of the owner or operator of that parked vehicle.

The Court of Appeals held that Officer Rutherford's testimony was not sufficient to defeat the motion for summary judgment.  That court found that Officer Rutherford's testimony does not prove by clear and convincing evidence the existence of an abandoned automobile that caused the plaintiffs' damages.  According to that court's interpretation of the statute, the insured must prove by clear and convincing evidence, not produced by the occupants of the vehicle, the existence of the vehicle and also that the vehicle

caused the injuries.  The court stated that under Rule 602, Tennessee Rules of Evidence, Officer Rutherford's testimony was not admissible on the issue of causation because he did not witness the accident. The court concluded there was no proof of causation.

The decision by the Court of Appeals puts into perspective for analysis the evidence necessary to defeat the insurer's motion for summary judgment in an action for uninsured motorist benefits. Prior to the 1989 amendment to Tenn. Code Ann. § 56-7-1201, there could be no recovery unless there was actual physical contact between the uninsured motorist's vehicle and the insured's vehicle.  See e.g., Hoyle v. Carroll, 646 S.W.2d 161 (Tenn. 1983).  The requirement of physical contact with the vehicle operated by the unknown motorist prohibited recovery in cases where the unknown motorist caused the accident but there was no physical contact between the vehicles. Subsection (e)(1)(B), enacted in 1989, allows recovery in cases where, for example, the insured is forced off the road by an unknown motorist without physically striking the insured's vehicle.  The high standard of proof required by the amendment, clear and convincing evidence produced by witnesses other than the occupants, obviously was intended by the legislature as a safeguard against bogus claims arising from one-vehicle accidents.  Cf. id. at 162.

Even though the statute is subject to more than one possible interpretation, it appears that the requirements of subsection (B) apply only to the existence of the unknown motorist. Prior to the amendment, there was no requirement in the statute that

the conditions essential for coverage be proved by more than a preponderance of the evidence. Generally, an insurance claim can be proven by a preponderance of the evidence.

> The burden of proof is generally upon a
> plaintiff to establish a case under a policy of
> insurance. The plaintiff must prove all material
> allegations of the complaint by a fair
> preponderance of the evidence, and the insurer
> need not offer any testimony in order to complain
> of the insufficiency of the evidence to support a
> judgment against it.

21 John Alan Appleman & Jean Appleman, Insurance Law and Practice § 12091 (1980). So, in the absence of a statutory provision, proof by a preponderance of the evidence is sufficient. In addition, analysis of the language of the statute leads to the same conclusion. Causation is not mentioned in subsection (B). The only reference in subsection (B) to another portion of the statute is in the phrase "such unknown motorist," which refers to that portion of section (e) which defines unknown motorist as "the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured." The clause "which causes bodily injury or property damage" only identifies the owner or operator. Additional language would be necessary to indicate clearly that causation, as well as existence, must be proven by clear and convincing evidence. Since the requirement of subsection (B), clear and convincing evidence other than evidence provided by occupants in the insured vehicle, applies only to the existence of the unknown motorist, the other essential elements of the claim, including causation, may be established by the preponderance of the evidence. Also, evidence produced by the

-8-

occupants of the vehicle is not inadmissible as to those elements.

The next question is whether the evidence presents issues of disputed fact. As stated above, summary judgment is appropriate where there is no disputed material fact. The evidence before the Court presents two issues of disputed material fact, the existence of the unknown motorist and the cause of the plaintiffs' accident. Officer Rutherford's testimony is probative of the existence of a motor vehicle the owner and operator of which are unknown. A jury could find that such evidence is clear and convincing.[2] The testimony of Officer Rutherford and the plaintiffs is probative of the fact that the parked vehicle was the cause of the accident. On summary judgment motion, the non-moving party is not required to present conclusive evidence of all the essential elements, only material evidence on which a jury could find the facts; the weight to be given evidence is the exclusive prerogative of the jury. A jury could find on the evidence in the record and on the reasonable inferences that could be drawn therefrom that an unknown motorist existed and also that the unknown motorist caused the accident.

State Farm likens the parked vehicle in this case to the ladder lying on the travelled portion of an interstate highway in

_____

[2]The "clear and convincing" standard falls somewhere between the "preponderance of the evidence" in civil cases and the "beyond a reasonable doubt" standard in criminal proceedings. To be "clear and convincing," the evidence must "produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Hobson v. Eaton, 399 F.2d 781, 784 n. 2 (6th Cir. 1968), cert. denied, 394 U.S. 928 (1969). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). See e.g. In re Estate of Armstrong, 859 S.W.2d 323, 328 (Tenn. Ct. App. 1993).

Bruno v. Blankenship, 876 S.W.2d 294 (Tenn. Ct. App. 1992). In that case, the Court of Appeals sustained summary judgment for the insurer because it found no evidence tracing the ladder to a motorist.

The case before the Court is different because it involves a motor vehicle, and the statute imposes liability on the ownership and operation of motor vehicles. The presence of an unlighted motor vehicle on the travelled portion of a busy highway at night is certain evidence of negligence, even if it was dropped there by an alien spacecraft. That vehicle was owned by someone, and that someone is an unknown motorist within the meaning of the statute. Whether that vehicle was present when Mr. Fruge lost control of his vehicle and whether it was the cause of the plaintiffs' accident are fact issues for the jury.

IV

The judgment of the Court of Appeals and the trial court are reversed, and the case is remanded to the trial court for further proceedings. Costs are taxed to State Farm Insurance Company.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
    and Holder, JJ.