IN THE COURT OF APPEALS OF TENNESSEE

AT NASHVILLE



**FILED**

**March 29, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

ALI AL-FATLAWY,            ) M1999-00195-COA-R9-CV
                                   )
      Plaintiff-Appellee, )
                                   )
                                   )
v.                             )
                                   )
                                 ) INTERLOCUTORY APPEAL PURSUANT TO
                                 ) RULE 9, T.R.A.P., FROM THE
JOHN DOE,                    ) DAVIDSON COUNTY CIRCUIT COURT
                                 )
      Defendant.      )
                                 )
                                 )
CHICAGO INSURANCE COMPANY,  )
                                 )
      Uninsured Motorist ) HONORABLE CAROL L. SOLOMAN,
      Carrier-Appellant. ) JUDGE

For Appellant               For Appellee

O. WADE NELSON           TERRY R. CLAYTON
Smith & Cashion, PLC      Nashville, Tennessee
Nashville, Tennessee

O P I N I O N

REVERSED AND REMANDED                   Susano, J.

1

We granted the Rule 9, T.R.A.P., application of Chicago Insurance Company ("the Insurance Company") in order to determine if the trial court erred when it denied the Insurance Company's motion to dismiss. We find and hold that the Insurance Company is entitled to summary judgment. Accordingly, we reverse the judgment below and remand to the trial court for the entry of an order dismissing the plaintiff's complaint to the extent that it seeks to recover against the Insurance Company.

This case arises out of personal injuries sustained by the plaintiff, Ali Al-Fatlawy, in an automobile accident in Davidson County. At the time of the accident, the plaintiff was a guest passenger in a vehicle driven by Raed J. Petros. Mr. Petros was insured by the Insurance Company under a policy of automobile insurance that included uninsured motorist ("UM") coverage.

As a result of the accident, the plaintiff filed suit against a single defendant -- an unknown party identified in the complaint as John Doe. The Insurance Company was served with process pursuant to the provisions of T.C.A. § 56-7-1206(a) (Supp. 1999), a part of the statutory scheme pertaining to uninsured motorist coverage. As pertinent here, the complaint alleges as follows:

> That on or about November 23, 1997 at approximately 02:30 a.m. plaintiff...was a passenger in a 1989 BMW driven by Raed J. Petros...[H]e was driving west on Madison Blvd. in Nashville, Davidson County, Tennessee.

> At the same time defendant, John Doe, was
> driving a vehicle the make and model [sic]
> was unknown and is still unknown by the
> plaintiff, east on Madison Blvd., in the same
> lane that Mr. Petros was driving in.
>
> While Mr. Petros was driving his vehicle west
> on Madison Blvd., the defendant, John Doe
> came upon his vehicle [and] in order to avoid
> the collision Mr. Petros turned the wheel of
> his vehicle quickly to the right, thereby
> running off the road and colliding into a
> tree.

It was and is the theory of the plaintiff that the negligence of

John Doe was the sole proximate cause of the accident and that

the UM coverage under Mr. Petros' policy with the Insurance

Company is applicable to the plaintiff's claim for personal

injuries.  He relies upon the provisions of T.C.A. § 56-7-1201(e)

(Supp. 1999):

> If the owner or operator of any motor vehicle
> which causes bodily injury or property damage
> to the insured is unknown, the insured shall
> have no right to recover under the uninsured
> motorist provision unless:
>
> (1)(A) Actual physical contact shall have
> occurred between the motor vehicle owned or
> operated by such unknown person and the
> person or property of the insured; or
>
> (B) the existence of such unknown motorist is
> established by clear and convincing evidence,
> other than any evidence provided by occupants
> in the insured vehicle;
>
> (2) The insured or someone in the insured's
> behalf shall have reported the accident to
> the appropriate law enforcement agency within
> a reasonable time after its occurrence; and
>
> (3) The insured was not negligent in failing
> to determine the identity of the other
> vehicle and the owner or operator of the
> other vehicle at the time of the accident.

The Insurance Company takes the position that the complaint shows on its face that there was no "[a]ctual physical contact" between the vehicles involved in this accident.  *See* T.C.A. § 56-7-1202(e)(1)(A) (Supp. 1999).  It further contends that the plaintiff cannot prove the necessary factual predicate to establish the alternative basis for UM coverage under the statute.

Both of the parties cite and rely upon the case of *Fruge v. Doe*, 952 S.W.2d 408 (Tenn. 1997).  We agree that *Fruge* controls our decision in this case.  The facts of that case, as taken from the opinion, are as follows:

> On November 8, 1991, shortly before 6:30 p.m., the plaintiffs, James R. Fruge and Jane Fruge, husband and wife, sustained personal injuries in an automobile accident which occurred as the vehicle operated by Mr. Fruge entered Interstate 40 from Front Street in Memphis.  According to their deposition testimony filed by the insurer, State Farm Insurance Company, in support of its motion for summary judgment, their vehicle was proceeding along the approach ramp to I-40 when Mrs. Fruge warned Mr. Fruge, who was watching the traffic approaching on I-40 from behind his vehicle, that a parked vehicle with no lights was obstructing their lane of traffic.  Mr. Fruge swerved his vehicle in order to avoid striking the parked vehicle and thereby lost control of his vehicle, which then crashed into a retaining wall. Immediately thereafter, other vehicles were involved in a collision at the same location. The plaintiffs' vehicle did not make physical contact with the parked vehicle or any of the other vehicles.  The plaintiffs do not know of any eyewitnesses to their accident.

*Id*. at 409.

4

As indicated in the quoted excerpt, the insurance company in **Fruge** filed a motion for summary judgment, claiming that the UM coverage of its policy did not extend to the facts of that case. In response to the insurance company's motion, the plaintiff in **Fruge** filed the affidavit of the investigating officer. The affidavit provided, in pertinent part, as follows:

> While completing my routine investigation, I noted the probable source of the resulting collisions to be a brown Ford Thunderbird automobile that had apparently ran out of gas and was blocking one or more lanes of westbound traffic. Although vehicles either struck the retaining wall or struck other vehicles, the abandoned automobile was not struck by any of the involved parties. The abandoned automobile was unlicensed, was without a driver and had to be towed from the scene by wrecker so that the roadway could be finally cleared. I was unable to identify the driver of the abandoned vehicle and the vehicle was not claimed before being towed to the City Lot for storage.

*Id*. at 410.

In reversing the trial court's grant of summary judgment to the insurance company, the Supreme Court held that the investigating officer's affidavit reflected testimony that was "probative of the *existence* of a motor vehicle the owner and operator of which are unknown." *Id*. at 412. (Emphasis added). The Supreme Court went on to note that "[a] jury could find such evidence is clear and convincing." *Id*. The Court concluded that summary judgment was not appropriate in view of the officer's affidavit.

5

As applicable to the facts of this case, **Fruge** expressly holds that "[i]n order to prevail on a claim for uninsured motorist benefits, the insured[1] must meet the requirements of subsections 1(A) *or* 1(B) and (2) and (3) [of T.C.A. § 56-7-1201(e)]." **Id**. at 410-11. (Emphasis added).

In the instant case, the plaintiff acknowledges that he cannot bring his case within the purview of subsection (1)(A) of T.C.A. § 56-7-1201(e), because there was no "[a]ctual physical contact" between the vehicles as required by that part of the statute. However, he predicates his entitlement to relief on the alternative basis set forth at T.C.A. § 56-7-1201(e)(1)(B), (2) and (3). He relies on the affidavit of Officer James Bledsoe, who investigated this accident. Officer Bledsoe's affidavit states, in pertinent part, as follows:

> I arrived at the scene of the accident at 0234 hours and observed what I later came to know as a red 1989 BMW license number Tennessee 192-ZXR, front left fender embelled [sic] in a tree near the intersection of East Meade Avenue.
>
> I spoke to Mr. Raed J. Petros who identified himself as the driver of the 1989 BMW. Mr. Petros stated that he was traveling west on Madison Blvd. when he observed a car in his lane of traffic traveling east.
>
> Mr. Petros told me he swerved off of the road to his right to avoid a collision with the vehicle and struck a tree.
>
> Mr. Petros told me that he could not describe the vehicle and that he did not know the owner of the car.

---

[1]The insurance company in the instant case admits that the plaintiff -- being a guest passenger -- is covered under its policy with Mr. Petros.

The Insurance Company filed a motion to dismiss, noting that the plaintiff's complaint fails to allege that there had been a collision between the vehicles. In addition, the Insurance Company contends that, in the absence of allegations bringing this case within the provisions of T.C.A. § 56-7-1201(e)(1)(B), (2) and (3), the complaint fails to state a cause of action. As previously indicated, the plaintiff filed Officer Bledsoe's affidavit in opposition to the Insurance Company's motion.

While we agree that the complaint does not allege contact between the two vehicles, we do not find it necessary to determine whether the complaint alleges a cause of action. When the plaintiff filed the affidavit of Officer Bledsoe and the trial court considered it,[2] the Insurance Company's motion to dismiss became one for summary judgment, subject to the provisions of Rule 56, Tenn.R.Civ.P. *See* Rule 12.02, Tenn.R.Civ.P.

We review the trial court's denial of summary judgment against the standard of Rule 56.04, Tenn.R.Civ.P., which provides, in pertinent part, as follows:

> the judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

_____

[2]The parties agree that the trial court considered the affidavit in making its decision in this case.

7

Since our inquiry involves a question of law, there is no presumption of correctness as to the trial court's judgment. ***Robinson v. Omer,*** 952 S.W.2d 423, 426 (Tenn. 1997); ***Hembree v. State,*** 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. ***Byrd v. Hall,*** 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed material facts entitle the moving party to a judgment as a matter of law. Rule 56.04, Tenn.R.Civ.P.; ***Byrd,*** 847 S.W.2d at 211.

Since this is a no-contact accident, if the plaintiff is to be successful at trial, he must be prepared to establish "[t]he existence of such unknown motorist...by clear and convincing evidence, *other than any evidence provided by occupants in the insured vehicle.*" T.C.A. § 56-7-1201(e)(1)(B). (Emphasis added).

The plaintiff contends that Officer Bledsoe's affidavit makes out a dispute regarding the existence of the unknown motorist, thereby making summary judgment inappropriate. Citing ***Fruge***, he claims that it is for the jury to decide whether there is clear and convincing evidence of the existence of the other driver. This position is at odds with the language of the statute mandating that, in a case involving a no-contact accident, proof of the existence of the unknown driver *cannot* be based on "any evidence provided by occupants in the insured vehicle." *See* T.C.A. § 56-7-1201(e)(1)(B). When Officer

8

Bledsoe's affidavit is stripped of statements made by Mr. Petros to the officer, *i.e.*, stripped of "evidence provided by [an] occupant[] in the insured vehicle," it contains no evidence, let alone clear and convincing evidence, of the existence of the unknown motorist. Rather than defeating summary judgment for the Insurance Company, the affidavit, coupled with the plaintiff's admission of no third-party witnesses to the accident, makes out the Insurance Company's entitlement to summary judgment. It is undisputed that the plaintiff cannot prove the existence of the unknown motorist except through the testimony of an occupant of the insured vehicle. Under the statute, such testimony is not sufficient, as a matter of law, to prove this critical fact.

*Fruge* is of no help to the plaintiff in the instant case. In *Fruge*, a witness other than one of the occupants in the insured vehicle testified *from personal knowledge* that there was a vehicle -- with its lights off -- sitting in and blocking a part of the road in the general vicinity of wrecked vehicles including the plaintiff's vehicle. In the instant case, the investigating officer has *no personal knowledge* regarding the existence of an unknown motorist. All of his information about the unknown motorist came from an "occupant[] in the insured vehicle." *See* T.C.A. § 56-7-1201(e)(1)(B).

The Insurance company was and is entitled to summary judgment. Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for the entry of an order dismissing the plaintiff's complaint as to the Insurance Company. Costs on appeal are taxed to the appellee.

9

                                        _____
                                        Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.