IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2003 Session

# RICHARD HUMPHREY v. JEANETTA GAMMAGE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-2700-lll     Ellen Hobbs Lyle, Judge**

---

**No. M2002-00507-COA-R3-CV - Filed May 14, 2003**

---

This appeal arose after the trial court granted summary judgment for Jeanetta Gammage and Deborah Gammage against Richard Humphrey in his petition to establish paternity of Karenda Raines. Because the petitioner could not establish any issues of material facts as grounds to proceed with his petition, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

L. CRAIG JOHNSON, SP. J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and WILLIAM B. CAIN, J. joined.

Robert L. Whitaker, Nashville, Tennessee, for the appellant, Richard Humphrey.

Gerald Wayne Davis, Nashville, Tennessee, for the appellees, Jeanetta Gammage and Deborah Gammage.

## MEMORANDUM OPINION[1]

This is a paternity action filed by the petitioner, Richard Humphrey, seeking to establish the parentage of a deceased minor, Karenda Raines. This petition was filed as a result of the petitioner's dismissal as plaintiff in a wrongful death action wherein he alleged that he was the next-of-kin of the deceased minor. Karenda Raines was born to Karen Raines on February 4, 1987. She and her mother died as the result of an automobile accident on December 21, 1999. During most of

---

[1]Tenn.R.Ct.App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. when a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Karenda's life the petitioner was incarcerated with the Tennessee Department of Correction. The petitioner never married or attempted to marry Karenda's mother. He never provided any financial support during the lifetime of the child. No visitation privileges were ever established after his release from prison. The body of Karenda Raines was cremated, and a DNA Test to establish parentage was never performed and is now impossible. The petitioner's name was listed as the father on her death certificate.

Mr. Humphrey filed suit under the wrongful death statute as the next-of-kin of Karenda Raines. In the complaint he alleged that he was the father of the deceased minor and, therefore, was first in line to pursue legal action. Subsequently, he was on the losing end of a summary judgment motion in Case No. 99-C-3626 in the Circuit Court for Davidson County, Tennessee, because he could not establish himself as the next-of-kin to the deceased child. As a result of the summary judgment, he filed this paternity action. The defendants in this cause filed a summary judgment motion, and on January 18, 2002, a hearing was held in the Chancery Court for Davidson County, Tennessee. The Court dismissed plaintiff's petition because he could not establish any issues of material fact as a matter of law as grounds to proceed further on his petition. The plaintiff then filed this timely appeal.

Summary judgments are proper in civil cases that can be resolved on the basis of legal issues alone. *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997) and *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies the requirements for summary judgment under Tennessee Rules of Civil Procedure, Rule 56.03. When it is a properly supported motion, the burden shifts to the opposing party to set forth disputed material facts which must be resolved by the trier of fact. Once a properly supported motion is put forth, the non-moving party must offer proof to establish the existence of the essential elements of the claim. The Court must review the evidence first to determine whether a factual dispute exists. If it does exist, it must then determine whether the fact is material to a claim and whether or not the disputed fact creates a genuine issue for the jury. *Byrd*, 847 S.W.2d 214. The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Staples v. CBL. & Associates, Inc.*, 15 S.W.3rd 83 (Tenn. 2000).

T.C.A. § 36-2-301 is the single cause of action to establish natural parentage in Tennessee when the matter is in dispute. The statute replaces all other prior statutes to establish contested parentage and extinguishes all other prior presumptions of parentage, whether by statute or by case law. See, T.C.A. § 36-2-304(c). Under the current statute, which allows a man to file a complaint to establish parentage, he can establish a rebuttable presumption of paternity only under certain circumstances that are found in the statute. Specifically, (1) the alleged father and mother must marry or attempt to marry before or after the child's birth, or (2) he must receive the child into his home and openly hold the child out as his natural child while the child is under the age of majority, or (3) the results of a genetic test are positive for parentage as provided in T.C.A. 24-7-112.

The petitioner argues that although he cannot meet the parentage presumption under the statute, he has created genuine issues of disputed facts to establish parentage. Petitioner argues that

he has attempted in good faith to develop a relationship with Karenda Raines, but was prevented from doing so because of his lengthy incarceration. In addition, he argues that he lived with and had a sexual relationship with the minor's mother during the time she became pregnant. He also argues that Ms. Raines' family acknowledged him as the minor's father and that they allowed his name to be placed on her death certificate. Although the previous list of facts may be disputed, none of these claims are material to the issues and elements under the present day paternity statute.

The paternity statute clearly sets forth the elements of the rebuttable presumptions of parenthood. After carefully reviewing the evidence as presented by the petitioner in a light most favorable to him, the facts fail to make out a case under the paternity statute. He and the deceased mother never married or attempted to marry before or at the time of or after the birth of the minor. The deceased minor was never taken into the petitioner's home or held out by him to be his child. Finally, the deceased minor was cremated, and a genetic test was never performed and is now impossible. There is no other evidence available to the petitioner to prove his parentage under the paternity statute.

We find there is no evidence creating a material issue of fact as to the paternity of the deceased minor. Consequently, we find that the summary judgment was appropriate under the circumstances. We affirm the decision of the trial court. The costs on appeal are taxed to the appellant, Richard Humphrey.

_____
L. CRAIG JOHNSON, SPECIAL JUDGE