# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 10, 2003 Session Heard at Dyersburg[1]

## JUDY C. BURROUGHS v. ROBERT W. MAGEE, M.D.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Lauderdale County**
**No. 5005     Joe H. Walker, III, Judge**

---

**No. W2001-00238-SC-R11-CV - Filed October 1, 2003**

---

JANICE M. HOLDER, J., concurring and dissenting.

I concur in the resolution of the first issue. I agree that doctors owe a duty to the motoring public to warn their patients of the risks of driving while under the influence of prescribed medication. As to the resolution of the second issue, however, I cannot concur. In my view, doctors also owe a duty to third parties to use reasonable care in prescribing medication to their patients. Moreover, I disagree with the "balancing approach" that the majority uses in determining the threshold issue of whether a duty exists.

In a negligence action in Tennessee, the plaintiff must prove each of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct of the defendant that fell below the applicable standard of care, amounting to a breach of the duty owed to the plaintiff; (3) an injury or loss sustained by the plaintiff; (4) causation in fact; and (5) proximate, or legal, causation. See Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000). In this case, the first element, whether the defendant owes a duty of care to the plaintiff, is at issue.

There is a broad duty to exercise reasonable care to avoid causing foreseeable injury to others. See Doe v. Linder Constr. Co., 845 S.W.2d 173, 178 (Tenn. 1992). The existence of duty should be a minimal legal threshold for opening the courthouse doors. A defendant owes a duty of care to a plaintiff when that plaintiff is a foreseeable victim, meaning that the plaintiff is within the "zone of danger." See Turner v. Jordan, 957 S.W.2d 815, 819 (Tenn. 1997). In this case, there is an admittedly large zone of danger. Clearly, if a physician fails to warn a patient that a medication may impair the patient's ability to drive, then members of the motoring public are at risk of injury and are therefore in the "zone of danger." Likewise, if a physician negligently prescribes medication

---

[1]This case was heard as part of the April 10, 2003, S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project in Dyersburg, Dyer County, Tennessee.

to a truck driver with a known history of drug abuse, then injuries to the motoring public are reasonably foreseeable. Obviously, under these circumstances, members of the motoring public are also in the "zone of danger." Therefore, in my view, the defendant physician in both instances owes a duty of reasonable care to the plaintiffs as foreseeable victims.

The majority engages in a "balancing approach," as outlined in <u>McCall v. Wilder</u>, 913 S.W.2d 150, 153 (Tenn. 1995), to determine whether a duty exists. Under this approach, a number of factors are considered in assessing whether a duty is owed, including:

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of the alternative conduct.

<u>McCall</u>, 913 S.W.2d at 153. This multi-factor balancing test for duty requires courts to balance both legal and case-specific factual considerations.

The existence of duty, however, is a question of law and is undoubtedly the sole province of the trial court. <u>See</u> <u>Staples</u>, 15 S.W.3d at 89. The question of the reasonableness of the defendant's conduct (whether a duty was breached) is undoubtedly the sole province of the finder of fact if reasonable minds could differ. <u>See</u> <u>id.</u> at 93 (Holder, J., concurring); <u>Rice v. Sabir</u>, 979 S.W.2d 305, 310 (Tenn. 1998) (Holder, J., dissenting). The balancing test adopted by the majority unnecessarily blurs the line between the trial court's function in determining duty and the jury's function in determining negligence and confuses the existence of a duty with the determination of whether a duty was breached. <u>See</u> <u>Coln v. City of Savannah</u>, 966 S.W.2d 34, 47 (Tenn. 1998) (Holder, J., concurring).

For example, for the court to determine "the feasibility of alternative, safer conduct," it must consider whether the particular conduct at issue was unsafe, and this determination involves deciding whether a duty was breached. However, whether a duty was breached and whether any such breach was a proximate cause of the plaintiff's injuries requires a much more fact-specific analysis that is typically ill-suited for determination by a trial court. <u>See</u> <u>Fruge v. Doe</u>, 952 S.W.2d 408, 410 (Tenn. 1997) (holding that summary judgment is generally inappropriate in negligence cases). The balancing test encourages the trial court to usurp the role of the jury in weighing the reasonableness of the defendant's conduct.

Finally, I find the majority's opinion somewhat incongruous. The majority concludes that extending a physician's duty to warn patients of the side effects of prescribed medications to foreseeable third parties imposes no burden because physicians already owe patients the duty to warn. Yet the majority fails to use the same logic when it comes to the duty of care in prescribing

medication.  I do not agree with the majority that the autonomy of physicians is impaired if the same duty of care in prescribing medication owed to patients is extended to foreseeable third parties.  The effect of the distinction is to preclude liability for negligent prescription in all future cases before such a claim could reach a jury, regardless of the facts of the case.  I am unwilling to so hold.

I would hold that the physician in this case owes a duty to the plaintiffs as members of the motoring public to use reasonable care in warning his patient of the side effects of prescribed medication and in prescribing the medications themselves.  Although I would hold that the defendant is under a legal duty of care to the plaintiffs in this case, he would not be liable for negligence if breach and proximate causation cannot be proven.  In my opinion, under the circumstances of this case, both of these inquiries are for a jury to determine.  Accordingly, I would hold that summary judgment is improper under either theory of negligence alleged in this case.  Thus, I would affirm in part and reverse in part the Court of Appeals' opinion and remand this case to the trial court.

_____
JANICE M. HOLDER, JUSTICE