IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2008 Session

# TENNIE MARTIN ET AL. v. NORFOLK SOUTHERN RAILWAY COMPANY ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Anderson County**
**No. A2LA0325      Donald Ray Elledge, Judge**

---

**No. E2006-01021-SC-R11-CV - Filed November 14, 2008**

---

WILLIAM C. KOCH, JR., J., concurring in part.

I concur with the result reached by the Court. Based on the current appellate record, there exists a genuine factual issue regarding whether Conductor Danny Martin sounded the train's whistle as the train approached the crossing as required by Tenn. Code Ann. § 65-12-108(2) (2004).

Summary judgment proceedings have never been envisioned as substitutes for trials of disputed factual issues. *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997). A motion for summary judgment should never be granted when genuine issues as to any material fact exist. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 41 (Tenn. 2005); *Abbott v. Blount County*, 207 S.W.3d 732, 735 (Tenn. 2006). In addition, a summary judgment motion should not be granted when there is any dispute regarding the reasonable inferences that can be drawn from the undisputed facts. *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Mason v. Seaton*, 942 S.W.2d 470, 473 (Tenn. 1997).

Tenn. Code Ann. § 65-12-108(2) imposes a statutory duty on the operator of a train to sound the train's whistle or bell "at a distance of one fourth (¼) of a mile from the crossing, and at short intervals until the train has passed the crossing." Mr. Martin testified that he sounded the train's whistle in accordance with his custom and practice, and two other witnesses confirmed that they heard the train's whistle. However, the plaintiffs produced another witness, Cecil Smith, who testified that he was in a position to hear the whistle if it had been sounded but that he did not hear the whistle. While there may be substantial doubt about the weight that a reasonable jury might give

to Mr. Smith's testimony,[1] it is sufficient for summary judgment purposes to create a genuine issue with regard to whether Mr. Martin complied with his statutory duty to sound the train's whistle as it approached the intersection. This genuine issue of material fact should have been sufficient to prevent granting the summary judgment in this case.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[1] I concur with the Court's conclusion that the evidence regarding Mr. Martin's hearing impairment was not presented to the trial court and, therefore, cannot be considered by this Court.