IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2017 Session

## IN RE CONSERVATORSHIP FOR RALPH C. WILLIAMS

**Appeal from the General Sessions Court for Loudon County**
**No. 5366     Rex Alan Dale, Judge**

_____

**No. E2017-00777-COA-R3-CV**

_____

This is a conservatorship action in which the wife sought appointment as her husband's conservator. Following a hearing, the court found that the husband was fully disabled and in need of a conservator to manage his personal and financial affairs. The court appointed the wife to serve in that capacity and awarded her spousal support. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and BRANDON O. GIBSON, JJ., joined.

Matthew R. Knable, Knoxville, Tennessee, for the appellant, Ralph C. Williams.

Loren E. Plemmons, Loudon, Tennessee, for the appellee, Emma Janice Williams.

## OPINION

### I.     BACKGROUND

Ralph C. Williams ("Respondent") was born on February 28, 1939. He married Emma Janice Williams ("Petitioner") in 1960. No children were born of the marriage. Throughout their marriage, the Parties accumulated an estate now valued at approximately $1.4 million.

On November 15, 2016, Petitioner filed a petition in which she requested her appointment as Respondent's conservator. In support of the petition, she alleged that Respondent was no longer able to make personal or medical decisions or handle his financial and business affairs as a result of his diagnoses of Dementia, Delusional Disorder, Personality Disorder, Depression, Hypertension, Polyneuropathy, and

Rheumatoid Arthritis.  Petitioner requested approval of a property management plan and further requested that "the fees and expenses [for her attorney], the Guardian ad litem, and other persons appointed by the Court as well as the costs of this matter be charged as determined appropriate by the Court."

At that time, Respondent was housed in the Loudon County Jail as a result of a dispute between himself and a neighbor.  The dispute, which concerned the placement of some bushes on common property, escalated to the point that Respondent brandished a pistol.  Respondent was arrested and later charged with aggravated assault.  Thereafter, he was subjected to a mental health evaluation, needs assessment, and a mini-mental status examination performed by Ashley McKamey, M.Ed., who recommended his admission to a long-term memory care facility.

The court appointed A. Wayne Henry ("Guardian") as Respondent's guardian ad litem and Matthew R. Knable as his attorney ad litem.  Guardian met with Respondent on November 17, 2016, after which he recommended Petitioner's appointment as Respondent's conservator based upon his interview and observations of Respondent, his interview of Respondent's physician, and Respondent's medical records.  The court then ordered a physical and psychological examination and evaluation of Respondent to be performed at Parkwest Hospital.

The next day, on December 7, Respondent was transferred from Parkwest Hospital by ambulance to Tennova Healthcare of LaFollette, Senior Behavioral Services.  Thereafter, Petitioner amended her petition to include her appointment as Respondent's emergency conservator pending the entry of a final order in the case.  She agreed that such appointment should not exceed a period of 60 days.  The court complied and entered an order appointing Petitioner as Respondent's emergency conservator.  The court reserved ruling on the issue of fees, expenses, and costs incurred, pending the final hearing of the conservatorship action.  The court then continued Petitioner's appointment as Respondent's emergency conservator, again reserving ruling on the issue of fees, expenses, and costs.

Petitioner submitted a property management plan, personal financial statement with income and expense report, and a petition to award spousal support prior to the final hearing.  Following a hearing, the court issued letters of conservatorship to Petitioner, and an order appointing her as conservator on February 15, 2017.[1]  The court found that Respondent had been properly served; that all those entitled to notice had received the same; that Respondent was fully disabled and in need of assistance; that appointment of a conservator was in his best interest; and that Petitioner was the proper person to serve in

---

[1] The court also appointed a stand-by conservator in the event of Petitioner's incapacity.

such capacity. The court further found that Petitioner was entitled to spousal support but held that the issue concerning the appropriate sum would be determined at a later date. Finally, the court approved the property management plan and awarded fees and expenses to Petitioner's attorney, Guardian, and the Attorney ad litem.

One month later, on March 16, 2017, as pertinent to this appeal, the court entered an order for spousal support and conservatorship fee but did not award attorney fees or ad litem fees for costs associated with the hearing on the issue of spousal support. Accordingly, Petitioner's attorney and the Attorney ad litem then submitted sworn affidavits requesting approval of their fees for services rendered during the applicable time period. The court approved such fee requests by order, entered on March 20, 2017. Respondent filed a notice of appeal on April 19, 2017.

Thereafter, Petitioner submitted a statement of the evidence because no stenographic report or transcript of the proceedings was available. The court approved the statement, which provided, that all medical records and physician's reports detailing Respondent's condition, the mental health evaluation, and the reports and recommendations of the Guardian were approved and considered by the trial court without objection. Further, Petitioner submitted the following testimony:

a. She and [Respondent] have been married over [50] years;
b. She and [Respondent] have no children;
c. She is capable of managing the parties' finances;
d. She is capable of managing [Respondent's] health care needs[;]
e. The mental condition of [Respondent] is deteriorating;
f. In her opinion, [Respondent] can no longer manage his finances;
g. In her opinion, [Respondent] can no longer manage his health care;
h. In her opinion, [Respondent] needs a conservator.

Respondent testified, in turn, that

a. He and [Petitioner] have been married for more than [50] years;
b. He has no children;
c. He is not suffering from dementia;
d. He is not suffering from Alzeheimer's disease;
e. He agrees he experiences depression;
f. He is capable of managing his finances;
g. He is capable of managing his health care;
h. He does not need a conservator.

## II. ISSUES

A.      Whether this court has jurisdiction to consider the appeal.

B.      Whether the trial court erred in finding that Respondent was fully disabled and in need of a conservator.

## III. STANDARD OF REVIEW

"[A] petition for the appointment of a conservator requires the lower court to make legal, factual, and discretionary determinations[,]" each of which requires a different standard of review. *Crumley v. Perdue*, No. 01-A-01-9704-CH00168, 1997 WL 691532, at *2 (Tenn. Ct. App. Nov. 7, 1997). On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000)). We review a trial court's conclusions of law under a de novo standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). We review discretionary determinations under an abuse of discretion standard. *Crumley*, 1997 WL 691532, at *2.

## IV. DISCUSSION

### A.

As a threshold issue, Petitioner requests dismissal for failure to file the notice of appeal within 30 days of the final order settling the substantive rights and obligations of the parties. Petitioner claims that such order was entered on March 16, 2017, and that the court's order approving fees, entered on March 20, was an incidental matter to the conservatorship action.

"The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009); *see also* Tenn. R. App. P. 4(a) (providing that a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from"). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528

(Tenn. 2004). This court is not at liberty to waive the untimely filing of a notice of appeal. Tenn. R. App. P. 2. If the first judgment, entered on March 16, is the final judgment, the notice of appeal is untimely. Accordingly, "we must determine which of the two judgments constituted the final judgment." *Ball*, 288 S.W.3d at 836. "We review this question of law de novo with no presumption of correctness." *Id.* (citation omitted).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides as follows:

> (a) **Availability of Appeal as of Right in Civil Actions**. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, *any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties* is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(Emphasis added.). "To determine which of the judgments entered in this case constitutes the final judgment, we must focus on whether the second judgment affected any of the parties' substantive rights and obligations settled by the first judgment." *Ball*, 288 S.W.3d at 836. Here, the first judgment settled Petitioner's request for spousal support but did not address Respondent's corresponding obligation for payment of attorney fees and costs related to the hearing and Petitioner's claim for the same as indicated in the original petition for conservatorship. Accordingly, we conclude that the second judgment, entered on March 20, constituted the final entry of judgment, thereby establishing the timeliness of this appeal.

## B.

A conservator holds a fiduciary position of trust of the highest and most sacred character. *Grahl v. Davis*, 971 S.W.2d 373, 377 (Tenn. 1998) (citing *Meloy v. Nashville Trust Co.*, 149 S.W.2d 73 (Tenn. 1941)). To appoint a conservator under Tenn. Code Ann. § 34-3-103, the trial court must make two determinations: (1) what is in the best interest of the disabled person considering all relevant factors and (2) who, under the prioritized list, is the appropriate conservator. *Crumley*, 1997 WL 691532, at *3. Tenn. Code Ann. § 34-1-101(13) defines a "person with a disability" as:

> [A]ny person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection, and assistance by reason

of mental illness, physical illness or injury, developmental disability, or other mental or physical incapacity[.]

In conservatorship cases, it is the petitioner's burden to prove by clear and convincing evidence that the proposed ward is a "disabled person." *In re Conservatorship of Groves*, 109 S.W.3d 317, 330 (Tenn. Ct. App. 2003). With this heightened standard of proof, the evidence should produce "a firm belief or conviction regarding the truth of the factual propositions sought to be established by the evidence" in the fact-finder's mind. *Id.* (quoting *Fruge v. Doe,* 952 S.W.2d 408, 412 (Tenn. 1997)).

Here, Respondent does not take issue on appeal with the court's selection of his wife as his conservator. Instead, he claims that the court erred in finding him fully disabled and in need of a conservator because the evidence supporting such a finding did not rise to the level of clear and convincing. He provides that the evidence considered was either too old or not representative of his normal state because the examination occurred while his condition was exacerbated by his incarceration. He explained that his capacity in general may be affected by many variables such as the time of day, place, social setting, and support from others. He further claims that there were no witnesses offered at trial qualified to explain or interpret the medical evidence.

The record reflects that a physician's report was filed pursuant to Tennessee Code Annotated section 34-3-105(b).[2] The report, dated November 21, 2016, provided that Respondent was last examined by Odacir H. Oliveira, Ph.D. on November 18, 2016, at the Loudon County Justice Center. Dr. Oliveira provided as follows:

(a) [Respondent] has a past medical history consisting of the following conditions: [Respondent] presents symptoms of Dementia of Alzheimer Type, Delusional Disorder, Personality Disorder, and Depression.

(b) [Respondent's] nature and type of physical and/or mental disability: Patient has Dementia. It is progressive. His dementia will eventually become very severe. Diagnoses Neurocognitive Disorder Dementia, Alzheimer's.

---

[2] "(b) On motion by the petitioner, the respondent, the adversary counsel, the guardian ad litem, or on its own initiative, the court may order the respondent to submit to examination by such physicians, psychologists, senior psychological examiners or other specialists who have expertise in the specific disability of the respondent. The examiner shall send a sworn written report to the court with copies to the petitioner, the guardian ad litem and the person requesting the second examination. The court may assess the cost of the second examination against the property of the person with a disability or against the person requesting the examination."

Based upon Respondent's medical history and nature and type of disability, Dr. Oliveira opined that he was in need of a conservator and was incapable of managing his own financial affairs and health care decisions. This report constituted prima facie evidence of Respondent's disability and need for a conservator. *See* Tenn. Code Ann. § 34-3-105(d) ("The examiner's sworn report shall be prima facie evidence of the respondent's disability and need for the appointment of a fiduciary unless the report is contested and found to be in error."). Further, Ms. McKamey's report was also submitted for the court's consideration. Ms. McKamey recommended as follows:

> [Respondent] has no insight into his condition, and his wife reported that he has not taken his medication for some time. I feel [Respondent] would benefit from a long term memory care center/nursing home facility so that he can have constant and adequate care for his illness. [Respondent] may be a danger to himself and others if he does not receive adequate care.

Her recommendation was based, in part, on Conservator's reporting that Respondent had become increasingly violent and that she was afraid he was going to kill her. Conservator further reported that Respondent recently became obsessed with firearms and "always ha[d] one on him." Conservator claimed that he had also physically assaulted her since his condition worsened.

We acknowledge that these examinations occurred in the Justice Center and that Respondent was likely experiencing a heightened state of confusion; however, Conservator also submitted Respondent's medical history prior to that time, detailing his diagnosis. Those reports, when considered with the later examinations and Conservator's testimony, evidenced his worsening condition to the point of his arrest for aggravated assault. With these considerations in mind, we affirm the court's finding that Respondent is fully disabled and in need of a conservator. In the event of further appellate review, we also state our agreement with the court's selection of Conservator to serve in that capacity, having been presented with no evidence indicating her inability or unsuitability to serve.

## V.     CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Ralph C. Williams.

_____
JOHN W. McCLARTY, JUDGE