**F. Chris CAWOOD, Appellant,**

v.

**Ronald L. DAVIS, Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 16, 1984.

Permission to Appeal Denied by
Supreme Court Oct. 29, 1984.

F. Chris Cawood, Kingston, pro se.

Foster D. Arnett and Rick L. Powers, Arnett, Draper & Hagood, Knoxville, for appellee.

OPINION

PARROTT, Presiding Judge.

The plaintiff-appellant in this malicious prosecution action is F. Chris Cawood, an attorney licensed by the state of Tennessee. The defendant-appellee is Ronald Davis, who served as Disciplinary Counsel to the Board of Professional Responsibility (hereinafter, the Board) at the time relevant to this action. On October 12, 1981, pursuant to its authority under Rule 9 of the Rules of the Supreme Court, the office of Disciplinary Counsel petitioned the Board to appoint a panel which would hear evidence on nineteen allegations of misconduct lodged against Cawood. Davis, while acting as Disciplinary Counsel, amended that petition by adding the charge that Cawood committed aggravated assault, with the use of his automobile, upon a

minor child.[1] Thereafter Cawood brought this action, arguing that the additional charge of aggravated assault was an act of malicious prosecution by Davis. The trial judge decided that Davis was immune from civil suit for acts committed as Disciplinary Counsel. He granted Davis' motion for summary judgment. We affirm for the reasons set out below.

At the appellate level, this case raises two issues: (1) Is the Board's Disciplinary Counsel clothed in a quasi-judicial absolute immunity for actions within the scope of his authority; and (2) Has Davis established that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law? We consider first the question of immunity for the Board's Disciplinary Counsel.

■ We believe this question to be one of first impression in Tennessee and, therefore, we have surveyed the caselaw from other jurisdictions. We find that *Kissell v. Breskow*, 579 F.2d 425 (7th Cir.1978), cogently explains and applies what is apparently the majority rule in jurisdictions which have considered this question. In *Kissell*, the clients of an attorney, who was subject to a disciplinary proceeding, sued the executive secretary of the Indiana disciplinary committee.[2] They alleged that the defendant, in presenting charges against plaintiffs' attorney and in certain related acts, had violated their constitutional right to counsel of choice. The federal district court granted defendant's motion for summary judgment and the Seventh Circuit affirmed. After reviewing several cases on the issue, the *Kissell* court decided that an officer of a state body charged with disciplining attorneys is entitled to a quasi-judicial absolute immunity. The *Kissell* court analogized the acts of such an officer to those of prosecutors and found that the same policies which give rise to quasi-judicial immunity for prosecutors also apply to

officers of a state's disciplinary committee. In the recent case of *Clulow v. State of Oklahoma*, 700 F.2d 1291 (10th Cir.1983), the plaintiff-attorney sued various state bar officials after his suspension from the bar association. The *Clulow* court held as follows: "We therefore agree with the courts which have held that bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions (cites omitted)." We find the reasoning of *Kissell* and *Clulow* persuasive and therefore find that Davis is entitled to an absolute quasi-judicial immunity for actions he took in investigating, drawing up, and prosecuting the Cawood matter.

■ Having decided that Davis enjoys an absolute immunity for certain acts, we must now consider whether the trial judge properly dismissed this suit on summary judgment. The movant for summary judgment has presented no affidavit but relies in part upon a resolution sworn by the Chairman of the Board of Professional Responsibility. That resolution states, in effect, that Davis was fully authorized, indeed instructed, to investigate and prosecute the aggravated assault claim against Cawood. In his opposing affidavit, Cawood states that it could be discovered that Davis failed to inform the Board that criminal charges against Cawood had been dismissed. Cawood further states "[t]hat Ronald L. Davis was working outside the scope of his authority and was never authorized by the Board...." Apparently Cawood relies on these assertions as sufficient to create a genuine issue of material fact. However, we have consistently held that, although a court must view pleadings and evidence in the light most favorable to the party opposing summary judgment, mere conclusory generalizations are inade-

---

1. Ultimately a designated Chancellor heard the misconduct charges against Cawood and found that the evidence did not support the aggravated assault charge. The Tennessee Supreme Court affirmed in a *per curiam* unreported decision reported June 4, 1984.

2. The responsibilities of the executive secretary of the Indiana disciplinary committee are comparable to those of Tennessee's Disciplinary Counsel.

quate to place a material fact in controversy. " '[W]hen faced with a motion for summary judgment,' it is incumbent upon the opponent of the motion 'to adduce proof sufficient to show a clear entitlement to maintain [the] action.' " *Merritt v. Wilson City Bd. of Zoning Appeals*, 656 S.W.2d 846 (Tenn.App.1983), quoting *Kilbourne v. Hanzelik*, 648 S.W.2d 932, 934 (Tenn.1983) (concurring opinion, J. Harbison). We, therefore, find that the trial judge was correct in finding that there was no genuine issue of materials facts.

Having reached these conclusions, we affirm the trial court decision in all respects. Costs are taxed to appellant.

SANDERS and FRANKS, JJ., concur.