IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## MARK A. PERCY v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-2287-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-01629-COA-R3-CV - Filed February 26, 2003**

---

This appeal involves a dispute between a multiple rapist and the Tennessee Department of Correction regarding the prisoner's sentence expiration date. The prisoner filed a petition for a declaratory order in the Chancery Court for Davidson County asserting that the Department had misclassified him and that he was eligible to be released because his sentence had expired. The Department responded with a motion for summary judgment supported by an affidavit of a sentencing technician asserting that the prisoner had been correctly classified and that his sentence had not expired. The trial court granted the summary judgment and dismissed the petition. We find that the trial court reached the correct result, and, therefore, we affirm the judgment dismissing the prisoner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Mark A. Percy, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover, II, for the appellee, Tennessee Department of Correction.

## OPINION

### I.

On the evening of December 9, 1992, Mark A. Percy grabbed a female pedestrian as she was walking in the vicinity of the Chattanooga Choo Choo and dragged her into an alley where he performed oral sex on her and then engaged in non-consensual sexual intercourse. The pedestrian was able to escape briefly, but Mr. Percy recaptured her and dragged her across the street into another alley where he raped her again. The pedestrian's ordeal ended when a motorist drove into the alley and shined his headlights on Mr. Percy. Mr. Percy fled the scene.

Mr. Percy was eventually captured and was indicted on one count of especially aggravated kidnaping and four counts of aggravated rape. In May 1995, he and the Hamilton County District Attorney entered into a plea bargain agreement. In return for the State's agreement (1) to reduce the especially aggravated kidnaping charge to aggravated kidnaping, (2) to reduce the aggravated rape charges to rape, and (3) to retire one of the rape charges,[1] Mr. Percy agreed to plead guilty to two of the rape charges and to plead nolo contendere to the remaining rape charge and to the aggravated kidnaping charge.

Convictions on the three rape charges would have rendered Mr. Percy a "multiple rapist" as a matter of law.[2] Multiple rapists must serve their "entire sentence . . . undiminished by any sentence reduction credits . . .," and are not eligible to be released "prior to service of the entire sentence imposed by the court." Tenn. Code Ann. § 39-13-523(b), (d) (Supp. 2002). Neither the prosecutor nor the sentencing judge have authority to deviate from these clear statutory requirements. However, for reasons not evident in this record, both the assistant district attorney general prosecuting the case and the sentencing court agreed that Mr. Percy would be classified as a Standard Range I offender and that he would be eligible to be considered for parole after serving thirty percent of his sentence.

During the Tenn. R. Crim. P. 11 colloquy, the sentencing court satisfied itself that Mr. Percy understood that "if I accept your plea, these [charges] will become convictions; you will have four eight-year sentences running concurrently for a total of eight years." The trial court also informed Mr. Percy that he would "have to serve 30 percent of the sentence before you're eligible for parole or any other program they might have." Thereafter, the court sentenced Mr. Percy to serve four concurrent eight-year sentences "as a Range I offender." After the trial court pronounced sentence, Mr. Percy asked, "That is a total of eight years I have to do; right?" The trial court responded, "Total of eight years, right. Eight and eight and eight and eight add up to eight years." The judgment forms signed by the sentencing court in May 1995 state that Mr. Percy was a "Standard 30% Range I" offender and that he is not a multiple rapist.

Mr. Percy was clearly a multiple rapist. Accordingly, upon his arrival, the Department of Correction classified him as a multiple rapist who would be required to serve his entire eight-year sentence without accruing sentence reduction credits. Even though this classification decision was entirely consistent with Tenn. Code Ann. § 39-13-523, it was at odds with the judgment documents signed by the sentencing court in May 1995.

Approximately three years after Mr. Percy was placed in the Department's custody, the Commissioner of Correction requested the Attorney General and Reporter to render a formal opinion regarding the Department's practice of declining to certify a multiple rapist as eligible for parole

---

[1]The assistant district attorney representing the State conceded to the sentencing court that "we can only establish three counts of rape instead of four. We're not sure what the extra indictment might have been based on, Your Honor."

[2]Tenn. Code Ann. § 39-13-523(a)(2) (Supp. 2002) defines "multiple rapist" as "a person convicted two (2) or more times of violating the provisions of § 39-13-502 [aggravated rape] or § 39-13-503 [rape], or a person convicted at least one (1) time of violating § 39-13-502, and at least one (1) time of § 39-13-503.

consideration even though the judgment document signed by the sentencing court provided to the contrary. The Attorney General, citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978), concluded that a judgment, even a judgment entered as a part of a plea bargain agreement, granting a multiple rapist the right to be considered for release after serving thirty percent of his or her sentence was void and a nullity because it was inconsistent with Tenn. Code Ann. § 39-13-523(b). However, the Attorney General also opined that the Department lacked authority to alter a judgment entered by the trial court even if it is illegal and, therefore, that the Department must certify the multiple rapist as parole eligible after serving thirty percent of his or her sentence until the sentence is judicially corrected. Op. Tenn. Att'y Gen. 98-126, 1998 WL 423988 (July 20, 1998).[3] The Attorney General further advised the Department:

> But, since the judgment provides for an illegal sentence, the Department should move to correct the judgment in the trial [sentencing] court, either through its counsel or through the local District Attorney General's office. If the trial court refuses to correct the illegal sentence, then an appeal [to the Tennessee Court of Criminal Appeals] should be pursued.

In March 1999, the Department notified the sentencing court in writing that it would be required to classify Mr. Percy as being eligible for release consideration after serving thirty percent of his sentence unless the sentencing court corrected the judgment. On June 1, 1999, after the sentencing court did not respond to its letter,[4] the Department notified Mr. Percy that it had recalculated his sentences to reflect the judgments of the sentencing court.[5]

On April 5, 2000, Mr. Percy filed a "petition fro [sic] declaratory order" with the Department asserting that the manner in which his sentence had been calculated "depriveds [sic] the petitioner from the benefits of his plea agreement." On July 21, 2000, after receiving no response from the Department, he filed a petition for a declaratory judgment in the Chancery Court for Davidson County again asserting that the Department's calculation of his sentence deprived him of the benefits of his plea bargain agreement.

The Department, as has become its custom, moved to dismiss Mr. Percy's petition for lack of subject matter jurisdiction. The legal basis for this motion is not altogether clear because the

---

[3] The Attorney General later reaffirmed its opinion. Op. Tenn. Att'y Gen. 99-197, 1999 WL 1012976 (Sept. 28, 1999).

[4] The sentencing court's chief deputy clerk later insisted that it had no record of receiving the Department's letter.

[5] This record contains no explanation for the Department's failure to pursue correcting Mr. Percy's illegal sentence as envisioned in Op. Tenn. Att'y Gen. 98-121.

Department's motion does not comply with Tenn. R. Civ. P. 7.02(1)'s specificity requirements.[6] However, we presume that the motion was premised on Tenn. Code Ann. § 4-5-225(b) (1998) which conditions the right to seek a declaratory judgment on first petitioning the agency for a declaratory order.[7] The trial court first granted the Department's motion but then reversed itself after the Department and the Attorney General conceded that Mr. Percy's petition for a declaratory order had been somehow overlooked due to a "filing error."

Eventually, the Department filed a motion for summary judgment simply declaring that it had "correctly calculated the Petitioner's sentence in conformity with the sentencing judgments." The Department supported its motion with an affidavit by the Manager of Sentence Information Services stating that the Board of Paroles had declined to parole Mr. Percy and that his sentence expiration date was February 28, 2003. The manager also stated that Mr. Percy had been credited with 1,056 days of sentence reduction credits on his sentences for the aggravated kidnaping and one of his rape convictions, but that he had not received sentence credits on his remaining two rape convictions because these had been "flagged as multiple rape sentences." After determining that Mr. Percy's response to the Department's summary judgment motion did not effectively dispute the facts in the manager's affidavit, the trial court granted the Department's motion and dismissed Mr. Percy's application.

## II.

The standards for reviewing summary judgments on appeal are well-settled. Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone. *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Church v. Perales*, 39 S.W.3d 149, 156 (Tenn. Ct. App. 2000). They are not, however, appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Thus, a summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion – that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001).

---

[6]Tenn. R. Civ. P. 7.02(1) requires motions to "state with particularity the grounds therefor." As has become its custom, the Office of the Attorney General relies on a separate memorandum of law to explain why the trial court lacked subject matter jurisdiction. We have repeatedly reminded the Office of the Attorney General that including the grounds for a motion in a separate memorandum of law does not satisfy the specificity requirements in Tenn. R. Civ. P. 7.02(1) because these memoranda, by operation of Tenn. R. App. P. 24, do not become part of the appellate record. *See, e.g., Hickman v. Tennessee Bd. of Paroles,* 78 S.W.3d 285, 287 (Tenn. Ct. App. 2001); *Pendleton v. Mills,* 73 S.W.3d 115, 119 n. 7 (Tenn. Ct. App. 2001); *Robinson v. Clement,* 65 S.W.3d 632, 635 n. 2 (Tenn. Ct. App. 2001).

[7]The exhaustion requirement in Tenn. Code Ann. § 4-5-225(b) is directed more toward the petitioner's standing, rather than the trial court's subject matter jurisdiction. Tenn. Code Ann. § 4-5-225(a) clearly vests the trial court with subject matter jurisdiction over petitions for declaratory judgments. Tenn. Code Ann. § 4-5-225(b) simply provides that the trial court should not exercise its subject matter jurisdiction when asked to do so by persons who have not exhausted their Tenn. Code Ann. § 4-5-224 remedies.

The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998). To be entitled to a judgment as a matter of law, the moving party must either affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Byrd v. Hall*, 847 S.W.2d at 215 n. 5; *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

Once the moving party demonstrates that it has satisfied Tenn. R. Civ. P. 56's requirements, the non-moving party must demonstrate how these requirements have not been satisfied. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Mere conclusory generalizations will not suffice. *Cawood v. Davis*, 680 S.W.2d 795, 796-97 (Tenn. Ct. App. 1984). The non-moving party must convince the trial court that there are sufficient factual disputes to warrant a trial (1) by pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) by rehabilitating evidence challenged by the moving party, (3) by producing additional evidence that creates a material factual dispute, or (4) by submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d at 215 n. 6. A non-moving party who fails to carry its burden faces summary dismissal of the challenged claim because, as our courts have repeatedly observed, the "failure of proof concerning an essential element of the cause of action necessarily renders all other facts immaterial." *Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

Summary judgments enjoy no presumption of correctness on appeal. *Pero's Steak and Spaghetti House v. Lee,* 90 S.W.3d at 620; *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Accordingly, appellate courts must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Godfrey v. Ruiz*, 90 S.W.3d at 695; *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). When reviewing the evidence, we must determine first whether factual disputes exist. If a factual dispute exists, we must then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App.1998).

## III.

On this appeal, Mr. Percy renews his argument that the Department has somehow required him to serve his sentences consecutively rather than concurrently and that his sentence would have expired on April 8, 2000 had the Department properly classified him. We have concluded that the record contains no material factual disputes regarding these assertions and, thus, that the trial court properly disposed of them by summary judgment.

The basis for Mr. Percy's insistence that the Department is requiring him to serve his sentences consecutively is far from clear. His pro se pleadings are difficult to understand. Even though we customarily give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997), we will not permit them to shift the burden of the litigation to the courts or to their adversaries. Thus, we will decline to manufacture claims or defenses for pro se litigants where none exist. *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994). We will, however, give effect to the substance, rather than the form or terminology, of their papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

The sentencing manager's affidavit clearly states that the sentences for his four convictions are running concurrently. In addition, the affidavit states that Mr. Percy's sentence will expire on February 28, 2003, after taking his jail time and sentence credits into consideration. A simple mathematical calculation demonstrates that Mr. Percy will actually have served less than eight years by the time the Department releases him from custody. That fact effectively rebuts Mr. Percy's argument that he was serving his sentences consecutively.

Mr. Percy also appears to be arguing that the Department somehow violated his plea agreement because it did not allow him to accrue sentence reduction credits for two of his rape convictions that had been "flagged as multiple rape sentences," just as it had permitted him to accrue sentence reduction credits on both his aggravated kidnaping sentence and one of his rape sentences. The transcript of Mr. Percy's sentencing hearing effectively undermines this argument.

We reiterate that the plea bargain worked out by the State and approved by the sentencing court is void because it is inconsistent with Tenn. Code Ann. § 39-13-523. Neither the assistant district attorney general prosecuting Mr. Percy nor the sentencing court had the authority to agree to permit Mr. Percy to be eligible for parole consideration after serving only thirty percent of his sentence or to permit him to reduce his sentence by earning sentence reduction credits. Accordingly, to the extent that a plea bargain agreement is viewed as a contract, it is unenforceable because void contracts cannot be enforced – especially contracts that are clearly contrary to the public policy of this state as established by the Tennessee General Assembly.

Even if we ignore the patent unenforceability of the plea bargain, there are two additional reasons why Mr. Percy's insistence that he was entitled to earn sentence reduction credits on two of his rape convictions is without merit. First, the assistant district attorney general and the sentencing judge never told Mr. Percy that he would be entitled to earn sentence reduction credits if he agreed to plead guilty. They told him only that he would be required to serve eight years and that he would be eligible to be considered for parole after serving thirty percent of his sentence. Thus, entitlement to sentence reduction credits was never part of the plea bargain agreement.

The second reason why Mr. Percy's sentence credit claim must fail is that the Department, the sole agency responsible for administering the sentence reduction program authorized by Tenn. Code Ann. § 41-21-236 (1997), was not a party to the plea bargain agreement. It was not directly

involved in the negotiations, and Mr. Percy has presented no evidence or legal argument warranting the conclusion that the assistant district attorney general prosecuting Mr. Percy had the express or implied authority to act as the Department's agent. The Department draws its authority to administer the sentence reduction credit program directly from Tenn. Code Ann. § 41-21-236, not from the judgment of the sentencing court. Therefore, the Department was obligated to follow Tenn. Code Ann. § 39-13-523(b) with regard to Mr. Percy's sentence credits.[8]

## IV.

We affirm the order dismissing Mr. Percy's petition for declaratory judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Mark A. Percy, and we also find that his petition and subsequent appeal are frivolous for the purposes of Tenn. Code Ann. § 41-21-807(c) (Supp. 2002) and Tenn. Code Ann. § 41-21-816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE

_____

[8]If anything, it appears that the Department construed Tenn. Code Ann. § 39-13-523(b) more favorably to Mr. Percy than warranted. As a multiple rapist, Mr. Percy was not entitled to earn sentence reduction credits on any of his rape or aggravated rape convictions. Accordingly, while he would have been entitled to earn sentence reduction credits on his sentence for aggravated kidnaping, we fail to understand the basis for the Department's decision to permit him to earn sentence reduction credits on one of his three rape sentences. The sentencing manager's affidavit states that Mr. Percy earned 1,056 days of sentence reduction credits on his aggravated kidnaping sentence and one of his rape sentences. It would seem that Mr. Percy was not entitled to at least a portion of these sentence credits and that, by granting them, the Department has calculated his sentence expiration date earlier than it should be.