IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 19, 2004 Session

## SHERYL HEGGS v. WILSON INN NASHVILLE-ELM HILL, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-938     Thomas W. Brothers, Judge**

---

**No. M2003-00919-COA-R3-CV - Filed August 25, 2005**

---

This appeal involves a dispute between a hotel and a guest who slipped on a wet tile floor as she was making her way to an elevator on one of the hotel's guest floors. The guest filed a negligence action against the hotel in the Circuit Court for Davidson County, and the hotel answered and filed a motion for summary judgment. The trial court granted the hotel's motion after determining, as a matter of law, that the hotel had satisfied its duty to the guest by setting out a yellow "wet floor" warning sign and that the guest was fifty percent or more at fault for her injuries. The guest has appealed. We have determined that the hotel has not demonstrated that it is entitled to a judgment as a matter of law and, therefore, we vacate the summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Scott Daniel and Melanie Lepp, Murfreesboro, Tennessee, for the appellant, Sheryl Heggs.

John T. Horton, Nashville, Tennessee, for the appellee, Wilson Inn Nashville-Elm Hill, Inc.

**OPINION**

**I.**

Sheryl Heggs regularly stayed at the Wilson Inn on Elm Hill Pike ("Wilson Inn") when she visited Nashville on business. On April 20, 2000, Ms. Heggs left her room on the third floor of the Wilson Inn to take the elevator down to the lobby. A short time before Ms. Heggs left her room, a Wilson Inn employee had mopped the tile floor immediately in front of the elevator and had placed a yellow "wet floor" warning sign either on or immediately adjacent to the tiled area. Even though Ms. Heggs saw the warning sign, she walked onto the wet tile floor because she desired to use the elevator. As she did so, she slipped on the wet tile and fell, injuring her ankle.

On March 28, 2001, Ms. Heggs filed a negligence action against Wilson Inn in the Circuit Court for Davidson County. After filing an answer, Wilson Inn moved for summary judgment asserting that it did not breach its duty to Ms. Heggs because it had set out a "wet floor" warning sign and because Ms. Heggs was more than fifty percent at fault. In her deposition, which was considered in conjunction with the hotel's summary judgment motion, Ms. Heggs stated that she had discounted the "wet floor" warning sign because the hotel, at least in her experience, left the wet floor sign out even when the tile floor was completely dry. She also asserted that the lighting in the elevator foyer was too low to enable her to see that the floor was actually wet.

The trial court granted Wilson Inn's summary judgment motion after determining, as a matter of law: (1) Wilson Inn satisfied its duty of care by placing a warning sign on or immediately adjacent to the wet tile; and (2) Ms. Heggs was fifty percent or more at fault for her injuries, thus barring any recovery under comparative negligence. Ms. Heggs appeals from the grant of summary judgment.

## II.
### THE STANDARD OF REVIEW

The standards for reviewing summary judgments on appeal are well settled. Summary judgments are proper in virtually any civil case that can be resolved on the basis of legal issues alone. *Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). They are not, however, appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. Thus, a summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion – that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001).

The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998). To be entitled to a judgment as a matter of law, the moving party must either affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Byrd v. Hall*, 847 S.W.2d at 215 n.5; *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

Once the moving party demonstrates that it has satisfied Tenn. R. Civ. P. 56's requirements, the non-moving party must demonstrate how these requirements have not been satisfied. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Mere conclusory generalizations will not suffice. *Cawood v. Davis*, 680 S.W.2d 795, 796-97 (Tenn. Ct. App. 1984). The non-moving party must convince the trial court that there are sufficient factual disputes to warrant a trial (1) by pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) by rehabilitating evidence challenged by the moving party, (3) by producing additional evidence that creates a material factual dispute, or (4) by submitting an affidavit in accordance with Tenn. R. Civ.

P. 56.07 requesting additional time for discovery. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d at 215 n.6. A non-moving party who fails to carry its burden faces summary dismissal of the challenged claim because, as our courts have repeatedly observed, the "failure of proof concerning an essential element of the cause of action necessarily renders all other facts immaterial." *Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993).

A summary judgment is not appropriate when a case's determinative facts are in dispute. However, for a question of fact to exist, reasonable minds must be able to differ over whether some alleged occurrence or event did or did not happen. *Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646, 647 (Tenn. 1995); *Harrison v. Southern Ry. Co.*, 31 Tenn. App. 377, 387, 215 S.W.2d 31, 35 (1948). If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists. *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993). If, on the other hand, the evidence and the inferences reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion, then there are no material factual disputes, and the question can be disposed of as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695; *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 91 (Tenn. 1999); *Beaudreau v. General Motors Acceptance Corp.*, 118 S.W.3d 700, 703 (Tenn. Ct. App. 2003).

Summary judgments enjoy no presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003); *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Accordingly, appellate courts must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Godfrey v. Ruiz*, 90 S.W.3d at 695; *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). When reviewing the evidence, we must determine first whether factual disputes exist. If a factual dispute exists, we must then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

### III.
### THE HOTEL'S BREACH OF ITS DUTY OF CARE

Ms. Heggs asserts that the trial court erred by concluding, as a matter of law, that Wilson Inn had complied with its duty of care by placing a yellow "wet floor" warning sign on or adjacent to the wet tile floor. She insists that Wilson Inn should have hand dried the floor in addition to placing a "wet floor" warning sign in the area. We have determined that the facts that were before the court when it granted the summary judgment were not sufficient to enable the trial court to grant a judgment as a matter of law.

## A.

In this negligence case, Ms. Heggs must prove: (1) the defendant owed her a duty of care; (2) the defendant's conduct operated below the standard of care and therefore breached that duty; (3) she suffered an injury; and (4) the defendant's conduct was the cause-in-fact and legal cause of that injury. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993); *Lamb v. State*, No. M1998-00910-COA-R12-CV, 2002 WL 31319755, at *9 n.3 (Tenn. Ct. App. Oct. 16, 2002) (No Tenn. R. App. P. 11 application filed). Duty is the legal obligation the defendant owes to the plaintiff to conform his conduct to a reasonable standard of care for the protection against unreasonable risks of harm. *McCall v. Wilder,* 913 S.W.2d at 153; *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 428 (Tenn. 1994). Determining the existence of one person's duty to another is a question of law to be decided by the courts. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000); *Green v. Sacks*, 56 S.W.3d 513, 519 (Tenn. Ct. App. 2001). The scope of that duty depends on all relevant circumstances, including foreseeability of harm to the plaintiff and other similarly situated persons. *Pittman v. Upjohn Co.*, 890 S.W.2d at 433.

With respect to premises liability cases, owners or occupiers of business premises are not insurers of their customers' safety. *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1996); *Shofner v. Red Food Stores (Tenn.), Inc.*, 970 S.W.2d 468, 470 (Tenn. Ct. App. 1997). They do, however, have a duty to use reasonable care to protect their customers from unreasonable risks of harm. *See Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998); *Jackson v. Bradley*, 987 S.W.2d 852, 854 (Tenn. Ct. App. 1998). This duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired. *Basily v. Rain, Inc.*, 29 S.W.3d 879, 883 (Tenn. Ct. App. 2000).

The placement of a warning sign could help alert a patron of the existence of a dangerous condition. Our courts have held, however, that a customer's full knowledge of a dangerous condition does not necessarily immunize a defendant from premises liability if the danger is either unavoidable or one that given the circumstances the customer is likely to encounter anyway. The Tennessee Supreme Court has noted:

> [T]he premises owner's duty exists if the harm can or should be anticipated notwithstanding the known or obvious danger:
>
> > Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the

> known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.
>
> Restatement (Second) of Torts, § 343A (comment f). As the Michigan Supreme Court has said: "If the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the [defendant] is required to undertake reasonable precautions [and] the issue then . . . is for the jury to decide." *Bertrand v. Alan Ford. Inc.*, 537 N.W.2d at 187.

*Coln v. City of Savannah*, 966 S.W.2d 34, 41 (Tenn. 1998); *see also Hellon v. Trotwood Apartments, Inc.*, 460 S.W.2d 372, 375 (Tenn. Ct. App. 1970) ("Where … the known danger is not readily avoidable and is such as to effectively obstruct the path of plaintiff, plaintiff is put to the decision of whether he will take the inevitable risk of proceeding through the danger or will abandon his intended course and destination altogether. When such a situation presents itself, the question of whether the plaintiff undertook a greater risk than an ordinarily prudent person would take under the circumstances is usually for the jury."); *Grizzell v. Foxx*, 348 S.W.2d 815, 818 (Tenn. Ct. App. 1961) (jury question whether tenant was contributorily negligent by crossing snow and ice on a common walkway of building where "the common walkway she used was the one normally used by the tenants and was the one closest to the garage");[1] *Easley v. Baker*, No. M2003-02752-COA-R3-CV, 2005 WL 697525, at *8 (Tenn. Ct. App. Mar. 24, 2005) (No Tenn. R. App. P. 11 application filed) (affirming summary judgment because, among several reasons, defendant satisfied its duty by warning plaintiff of danger that plaintiff could easily have avoided entirely).

## B.

Wilson Inn does not dispute that it owed a duty of care to Ms. Heggs. Instead, it contends that even considering the evidence in the light most favorable to Ms. Heggs, no reasonable person could find that Wilson Inn breached its duty of care. Specifically, Wilson Inn argues that, even though it is undisputed that the tile floor was wet and that wet tile is a dangerous condition, the wet tile floor was not unreasonably dangerous because of the placement of the yellow "wet floor" warning sign, which was seen by Ms. Heggs before she stepped onto the wet tile.

Ms. Heggs responds that in light of all of the factual circumstances, the placing of the "wet floor" warning sign did not discharge Wilson Inn's duty of care as a matter of law. She argues that reasonable persons, reviewing the evidence in the light most favorably to her, could differ on whether the wet floor sign was sufficient to satisfy the duty of care, or whether Wilson Inn was required to do more, such as hand-drying the tile.

---

[1] *Hellon* and *Grizzell* addressed the issue of contributory negligence, rather than breach by the premises holder, but the rationale from those cases is equally applicable to the issue of scope of duty and breach by the premises holder.

Obviously, the undisputed fact that Wilson Inn placed a wet floor sign near the wet tile is highly relevant to the issue of breach of duty. The question at the summary judgment stage is whether that fact, viewed along with all other evidence in the light most favorable to Ms. Heggs, would "permit reasonable persons to draw only one conclusion" on the inherently factual issue of breach of the duty of care – namely, that Wilson Inn met the standard of care. *See Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003).

## C.

We agree with Ms. Heggs that reasonable persons could differ on whether the undisputed placement of a yellow "wet floor" warning sign – which was in fact seen by Ms. Heggs – satisfied Wilson Inn's duty of care. Under the particular circumstances of this case, we cannot say as a matter of law that the placement of the sign satisfied Wilson Inn's duty of care. Several facts in the record support our conclusion.

First, it is significant that the wet tile floor on which Ms. Heggs slipped extended across the entire entrance to the elevator.[2] Wilson Inn asserted before the trial court that Ms. Heggs "could have stepped across the tile area and directly into the elevator when it arrived." However, it is reasonable to infer from the evidence – and thus on summary judgment we must infer – that Ms. Heggs was required to step on the wet tile in order to board the elevator. It is likewise reasonable to infer that Wilson Inn had reason to expect that guests, needing to exit upper floors of the multi-story hotel, would enter the elevator and thus encounter the wet tile, even if they knew about the danger.[3]

The fact-finder is not required to draw either of those inferences. Wilson Inn is free to present evidence – and the fact-finder is free to credit such evidence – that Ms. Heggs could have easily avoided the danger either by stepping over the tile or by using some other readily-available means of descent from her floor or that Wilson Inn had no reason to expect that a guest would walk on the tile despite the warning signs. But at the summary judgment stage, we cannot say that the fact-finder, confronted with evidence suggesting that the danger was such that people would be expected to encounter it despite warnings, could reach only one conclusion on the issue of breach of duty by Wilson Inn.

Second, Wilson Inn's chief engineer testified that Wilson Inn personnel could hand-dry the tiled areas after mopping; that they did hand-dry the tiled areas after mopping on certain occasions when the hotel was going to have high traffic; and that one reason they hand-dried the tile on those

---

[2]At Ms. Heggs's deposition, counsel for Wilson Inn had Ms. Heggs draw a diagram of the elevator alcove, which was made an exhibit to her deposition and is part of the record on appeal. That diagram shows the tiled area extending across the entire entrance to the elevator. Wilson Inn has not disputed that fact and has indirectly supported it: Wilson Inn asserted before the trial court that the tiled area was "three foot by six foot, at most," and that "plaintiff could have avoided stepping on the tile floor until the elevator arrived."

[3]The chief engineer for Wilson Inn gave testimony that can be interpreted to state that he actually observed guests using the elevator despite the posting of wet floor signs.

occasions was "[i]t would be safer." Taking all reasonable inferences from this testimony in favor of Ms. Heggs for purposes of summary judgment, a reasonable person could conclude that this testimony further supports that the standard of reasonable care required hand-drying of the tiled areas in front of each elevator.[4]

Third, there is a factual dispute regarding the lighting conditions in the elevator alcove. Ms. Heggs stated in her affidavit that "the area where I fell did not have any lighting and this area was fairly dark," and that "I was unable to see [the water] prior to my slipping and falling on it due to the inadequate lighting in this area." Wilson Inn's chief engineer testified that there was not a light above the tiled area itself; and the custodian who mopped the floor on the day of the injury testified that while mopping he would "stand in the elevator doorway to hold the door up. And that extra light from the elevator so I can see the area."[5] This evidence regarding the level of the lighting in the elevator foyer further supports the conclusion that Wilson Inn's posting of a warning sign was not, as a matter of law, sufficient under the circumstances to discharge its duty of care.[6]

In summary, because of factual disputes as to whether: (1) a reasonable person in Ms. Heggs's situation would have avoided the wet tile in exiting the third floor; (2) Wilson Inn had reason to know that Ms. Heggs or other customers would likely encounter the wet tile despite warning signs; (3) Wilson Inn could have hand-dried the wet tile as a reasonable further precaution against the known danger; and (4) the lighting conditions in the elevator alcove were sufficient, we cannot agree that a reasonable person could reach only one conclusion – that Wilson Inn satisfied its duty of care. Therefore, we cannot affirm the trial court's grant of summary judgment on that ground.

---

[4]We do not hold, or even suggest, that the appropriate standard of care requires hand-drying of the tile or any other particular action. The fact-finder is free to conclude that hand-drying is beyond what is required of a reasonable person in Wilson Inn's position. But the fact that Wilson Inn had hand-dried the tile before, precisely because of slip-and-fall concerns, could cause a reasonable person to conclude that the standard of care requires more than just the placement of the wet floor sign. Therefore, these facts further support the reversal of the trial court's grant of summary judgment.

[5]The custodian's further testimony appears to be that he wanted the extra light to see the elevator tracks, rather than to see the tiled area immediately in front of the elevator. Nonetheless, because of his testimony that he needed or wanted extra light beyond what came into the elevator alcove from the wall light fixture, a reasonable person could find his testimony corroborative of Ms. Heggs's testimony that the light conditions in the alcove were inadequate to see details on the floor.

[6]Wilson Inn argues that we need not, and should not, credit Ms. Heggs's lay testimony on the lighting because under *Threet v. Opryland USA, Inc.*, No. 01A01-9805-CV-00255, 1999 WL 820815 (Tenn. Ct. App. July 14, 1999) (No Tenn. R. App. P. 11 application filed), expert testimony is necessary to create a triable issue as to the sufficiency of lighting. *Threet* does not impose such an expert requirement for lighting issues. Rather, *Threet* simply held that the plaintiff's lay testimony as to the sufficiency of lighting did not create a triable issue in the face of certain undisputed facts about the defendant's lighting systems and the defendant's expert's testimony as to the sufficiency of those lighting systems. *Threet v. Opryland USA, Inc.*, 1999 WL 820815, at *3. In this case, unlike in *Threet*, Wilson Inn has not put forward any expert testimony as to the sufficiency of the lighting, nor has it put forward expert or lay testimony to contradict Ms. Heggs's lay testimony as to the lighting conditions in the elevator alcove (to the contrary, Wilson Inn's employees gave testimony that can reasonably be interpreted to corroborate Ms. Heggs's testimony).

# IV.
## COMPARATIVE NEGLIGENCE

The trial court based its decision to grant a summary judgment on a second, independent ground. It determined that Ms. Heggs was fifty percent or more at fault because she chose to walk on the wet tile floor despite seeing the yellow "wet floor" warning sign.[7] Wilson Inn also argued that Ms. Heggs, as a frequent hotel guest, should have been aware of the alleged deficiencies in the lighting and, thus, should have acted with even greater care when she decided to walk on the wet tile floor. Ms. Heggs responds that the comparison and allocation of fault is a question of fact not suitable for summary judgment; that the wet floor sign did not adequately warn her of the wet tile because that sign was left out frequently when the floor was completely dry; and that given that fact and all of the facts discussed above concerning avoidability and lighting conditions, it is impossible to conclude as a matter of law that Ms. Heggs was fifty percent or more at fault.

Ms. Heggs is correct that "[i]n the majority of cases, . . . the comparison and allocation of fault issues are properly left to the jury." *Prince v. St. Thomas Hosp.*, 945 S.W.2d 731, 735 (Tenn. Ct. App. 1996); *see also Staples v. CBL & Assocs., Inc.*, 15 S.W.3d at 92 (vacating summary judgment finding that plaintiff was more than fifty percent at fault because "a jury should have decided the questions of fact relevant to . . . [the fault] issue"). Earlier this year, however, this court affirmed summary judgment on a premises liability claim precisely because "reasonable minds cannot differ but that plaintiff's own inattention under comparative fault principles is at least 50 percent responsible for his slipping on the floor and his resulting injuries." *Easley v. Baker*, 2005 WL 697525, at *8. It is instructive, however, to contrast the facts in *Easley v. Baker* that led to that conclusion with the facts in this case.

In *Easley v. Baker*, the plaintiff could have avoided the wet floor entirely and still used the bathroom facilities in the premises. Indeed, he had to extend his walk to reach the wet floor. He did not assert any lighting deficiencies; he walked at least two steps through a five-foot wide, half-inch deep puddle before even seeing the puddle; and he never saw the eighteen-inch tall wet floor sign that was in the puddle. In contrast, Ms. Heggs put forward evidence that she could not reasonably or easily have avoided the wet tile floor; that the lighting in the area was deficient to the point that she could not see that the tile was wet because of the lighting deficiency; that she saw the wet floor sign but that it did not provide an effective warning because the sign commonly remained out even when the tile was completely dry; and that she fell when she first stepped on the wet tile, not after taking multiple steps on the wet surface.

---

[7] The trial court clearly stated this as a second ground for summary judgment in its bench ruling, but it is not expressly included in the written order drawn up by counsel and entered by the trial court. It is well settled that a court speaks only through its written orders and not the transcript. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001); *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 105 (Tenn. Ct. App. 1996). However, as this alternative ground for summary judgment has been fully briefed by the parties, we will consider it on appeal to prevent needless litigation. *See* Tenn R. App. P. 13(b) (where issue has not been presented for review, appellate court may use its discretion to consider it to prevent needless litigation).

Those significant factual differences lead to a different result than in *Easley*. In the face of those factual differences, we simply cannot agree that in this case, the evidence viewed in the light most favorable to Ms. Heggs, "permit[s] reasonable persons to draw only one conclusion" on the inherently factual issue of the allocation of fault. Therefore, we cannot affirm the trial court's grant of summary judgment on that ground.

## V.

We vacate the judgment because Wilson Inn failed to negate an essential element of Ms. Heggs's negligence claim or to demonstrate as a matter of law that Ms. Heggs was fifty percent or more at fault for her injuries. We remand the case for whatever further proceedings may be required, and we tax the costs of this appeal to Wilson Inn for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.